FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 2 5 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ANTHONY BELFIORE, Individually and on
Behalf of All Others Similarly Situated,

                              Plaintiffs,

    -against-

THE PROCTER & GAMBLE COMPANY,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM & ORDER**
14-CV-4090

**Parties**

**Anthony Belfiore**
*on behalf of himself and all others similarly situated*

**Appearances**

Lester L. Levy
Michele Fried Raphael
Roy Herrera
Matthew Insley-Pruitt
Robert Scott Plosky
Wolf, Popper, LLP
845 Third Avenue
12th Floor
New York, NY 10022

1

| | |
|---|---|
| **The Procter & Gamble Company** | Emily Henn<br>Covington & Burling LLP<br>333 Twin Dolphin Drive<br>Suite 700<br>Redwood Shores, CA 94065<br><br>Andrew D. Schau<br>Claire Catalano Dean<br>Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br><br>Cortlin Lannin<br>Sonya Winner<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

I. Introduction .................................................................................................................. 3
II. Procedural History ........................................................................................................ 4
III. Facts .............................................................................................................................. 4
IV. Motion to Dismiss Claim for Injunctive Relief Pursuant to Fed. R. Civ. P. 12(b)(1) ......... 5
V. Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6) ................................................ 7
   A. Standard of Review ................................................................................................ 8
   B. Application of Law to Facts .................................................................................... 9
VI. Motion to Strike Plaintiff's Class-Action Allegations Pursuant to Fed. R. Civ. P. 12(f) .... 9
   A. Standard of Review ................................................................................................ 9
   B. Application of Facts to Law .................................................................................. 10
VII. Conclusion .................................................................................................................. 11

### I. Introduction

Anthony Belfiore ("plaintiff"), a resident of Great Neck, New York, brings an individual and putative class action against The Procter & Gamble Company ("defendant"), an Ohio corporation with principal place of business in Ohio, for alleged damages stemming from the use of "Charmin Freshmates" flushable wipes ("Freshmates").

Claiming that defendant violated New York General Business Law section 349 by holding out the product as "flushable" and "septic safe," plaintiff requests monetary damages and a permanent injunction to prevent and enjoin defendant from representing Freshmates as "flushable." He seeks to represent, as a class, "[a]ll persons and entities residing in the State of New York who, at any time within the applicable statute of limitations . . . purchased Charmin Freshmates flushable wipes." Compl. ¶ 54.

This case raises an important question, apparently open in this circuit: can a consumer who is dissatisfied with a defective product seek an injunction under New York State law even though it is improbable that he will ever purchase that product again? This order holds he can seek an injunction.

## II. Procedural History

On May 23, 2014, the case was filed in the Supreme Court of the State of New York, County of Nassau. *See* Notice of Removal, ECF No. 1.

On July 1, 2014, the case was removed to the Eastern District of New York, based on jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See id.*

Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the claim for injunctive relief for lack of standing; moved to dismiss under Rule 12(b)(6) for failure to state a claim; and moved to strike plaintiff's class action-related allegations under Rule 12(f).

Oral argument was heard on November 14, 2014. The motions were orally denied. H'rg Tr. Nov. 14, 2014. *See also* Order, ECF No.32, Nov. 17, 2014. This memorandum explains the reason for that decision.

## III. Facts

Defendant manufactures bath "tissues" and "wipes" under the "Charmin" label. Compl. ¶ 1. The packaging of Freshmates, part of the Charmin label, advertises Freshmates as "flushable wipes," that are "Flushable," "Septic Safe" and "Safe for sewer and septic systems." *Id.* at ¶ 9. The packaging provides one suggestion: "for best results, flush only one or two wipes at a time." *Id.* at ¶ 10.

Freshmates are sold in 40-count, 80-count, and 120-count packages. *Id.* at ¶ 9. They cost more than non-flushable wipes. *See id.* at ¶ 50 ("an 80-count package of Freshmates costs $0.05 per sheet, whereas P&G's non-flushable wipes such as Pampers Baby Fresh and Luvs Ultra Clean Wipes cost $0.02 and $0.03 per sheet respectively") (internal quotation marks omitted).

About February 2014, plaintiff purchased Freshmates from a supermarket, Waldbaum's, in Great Neck, New York. *Id.* at ¶ 4. Prior to purchase, he viewed the package and the price. *Id.*

4

He flushed one to two Freshmates at a time down the toilet in his Great Neck, New York residence. *Id.* at ¶ 44. Toilet clogging and sewer back-up resulted from flushing the Freshmates. A plumber removed them from the residence's plumbing, charging $526.83. *Id.* at ¶ 45. It is unlikely that plaintiff will purchase this product again for use in his home.

### IV.   Motion to Dismiss Claim for Injunctive Relief Pursuant to Fed. R. Civ. P. 12(b)(1)

Defendant argued that plaintiff lacks Article III standing to seek injunctive relief because he cannot show that the relief "will redress a real and immediate threat of future injury to him." Def.'s Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl. for Failure to State a Claim, Strike Pl.'s Class Action Allegations, and Dismiss Pl.'s Claim for Injunctive Relief for Lack of Standing ("Def.'s Mem.") 16, ECF No. 17-1. It moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion was denied.

To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff must demonstrate standing. U.S. Const. art. III, § 2, cl. 1; *Amidax Trading. Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011).

Standing requires a showing of "(1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) *a 'likelihood' that the injury 'will be redressed by a favorable decision.'" Susan B. Anthony List v. Driehaus*, ___ U.S. ___, 134 S.Ct. 2234, 2341 (2014) (emphasis added) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "As the party invoking federal jurisdiction, a plaintiff bears the burden of establishing that he has suffered a concrete injury or is on the verge of suffering one." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 175 (2d Cir. 2006).

The Court of Appeals for the Second Circuit has apparently not yet directly addressed the issue of whether a plaintiff, with no claim of probable future injury, may pursue an injunction under state consumer protection statutes.

Federal courts "have held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer," because to " hold otherwise would effectively bar any consumer who avoids the offending product from seeking injunctive relief." *Ackerman v. Coca-Cola Co.*, 09-CV-395, 2013 WL 7044866, at *2–3, *14–15, *15 n. 23 (E.D.N.Y. July 18, 2013) (report and recommendation) (collecting cases) (plaintiffs possess Article III standing to seek injunctive relief in case involving New York General Business Law sections 349, 350 and California consumer protection statutes). *See also Koehler v. Litehouse, Inc.*, 12-CV-04055, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) (finding standing and noting that to "hold otherwise would eviscerate the intent of the California . . .consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief); *Rasmussen v. Apple Inc.*, 13-CV-4923, 2014 WL 1047091 (N.D. Cal. Mar. 14, 2014) (noting, in *dicta*, agreement with *Koehler* holding, *supra*); *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (finding standing to seek injunctive relief for consumers who did not plan to purchase product again). *But see Tomasino v. Estee Lauder Companies Inc.*, 13-CV-4692, 2014 WL 4244329, at *3 (E.D.N.Y. Aug. 26, 2014) (finding plaintiff lacks standing to seek injunctive relief in case involving New York General Business Law section 349 because plaintiff is unlikely to purchase product again); *Davidson v. Kimberly-Clark Corp.*, 14-CV-1783, 2014 WL 3919857, at *5 (N.D. Cal. Aug. 8, 2014) (same, but claims involved California consumer statutes); *Machlan v. Procter & Gamble Co.*, 14-CV-01982, 2015 WL 106385, at *3 (N.D. Cal. Jan. 7, 2015) (same, and remanding to state court).

Public policy, as well as precedent, supports the rule that Article III standing exists to seek injunctive relief. *See also Henderson v. Gruma Corp.*, 10-CV-04173, 2011 WL 1362188, at

*8 (C.D. Cal. Apr. 11, 2011) ("While [p]laintiffs may not purchase the same . . . products as they purchased during the class period, because they are now aware of the true content of the products, to prevent them from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws."); *Delgado v. Ocwen Loan Servicing, LLC*, 13-CV-4427, 2014 WL 4773991, at *14 (E.D.N.Y. Sept. 24, 2014) ("Finding that Plaintiffs have no federal standing to enjoin a deceptive practice once they become aware of the scheme would eviscerate the intent of the California legislature in creating consumer protection statutes.") (internal quotation marks and citation omitted).

To hold otherwise would denigrate the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated. The only way a consumer could enjoin deceptive conduct would be if he were made aware of the situation by suffering injury. But once the consumer learned of the deception, he would voluntarily abstain from buying and therefore could no longer seek an injunction.

An injunction in connection with a class action is designed to afford protection of future consumers from the same fraud. It does this by permitting the plaintiff to sue on their behalf.

Given plaintiff's dissatisfaction with Freshmates, it is unlikely he will re-purchase the product again. No information to the contrary has been provided. Based on the law as interpreted, he was standing.

## V. Motion to Dismiss Pursuant to Fed. R. of Civ. P. 12(b)(6)

Defendant moved to dismiss, alleging that plaintiff failed to adequately plead causation under section 349 of the New York General Business Law. Def.'s Mem 10–13. *See* N.Y. Gen. Bus. Law § 349.

The motion was denied.

### A. Standard of Review

"[A] complaint must contain sufficient factual matter accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citation omitted).

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a court must accept the plaintiff's factual allegations as true, drawing all reasonable inferences in plaintiff's favor." *Friedman v. Maspeth Fed. Loan & Sav. Ass'n.*, 13-CV-6295, 2014 WL 3473407, at *2 (E.D.N.Y. July 14, 2014) (internal quotation marks omitted and citation omitted). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 583 (2007) (internal quotation marks omitted and citation omitted). It is the "legal feasibility of the complaint," and not the weight of the evidence, that must be assessed. *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010).

Causation is an "essential" element of any New York General Business Law section 349 claim. *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013). "[E]ach [p]laintiff must individually plead the disclosures he or she received were inadequate, misleading, or false, and that she was injured as a result of the insufficient or false disclosures." *Id.* (internal quotation marks omitted). *See also Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). While reliance need not be pled, plaintiff must "describe[] in detail the allegedly misleading and deceptive statements . . . upon which he relied in purchasing the product." *Dash v. Seagate Tech. (U.S.) Holdings, Inc.*, 13-CV-6329, 2014 WL 2922658, at *3 (E.D.N.Y. June 30, 2014).

### B. Application of Law to Facts

Plaintiff pleads causation in sufficient detail. He points to defendant's representations that the wipes were flushable. Compl. ¶¶ 1, 9 11–12, 50. He states that he saw the package and price before purchase. *Id.* at ¶ 4. He notes the package stated "flushable wipes." *Id.* at ¶¶ 9, 21. He pleads he would not have purchased the products if he knew they were not flushable. *Id.* at ¶¶ 4, 52. He specifies when and where he purchased and used the wipes. *Id.* at ¶¶ 4, 14. He states the economic injuries he suffered, specifying the amount specifically. *Id.*

According to defendant, plaintiff's pleadings fail because he does not state that when he looked at the package prior to purchase, he read the misrepresentation. *See* Def.'s Mem. 8. This detail is not decisive. "The reasonable inference to be drawn from such allegations is that [p]laintiff saw the misleading statements and, as a result of such, purchased the [product] at issue." *Dash*, 2014 WL 2922658, at *3 (drawing reasonable inference that plaintiff read the package where plaintiff described "in detail the allegedly misleading and deceptive statements contained on the [product]'s packaging"). *See also Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F.Supp.3d 467, 480 (S.D.N.Y. 2014) (inferring that plaintiff must have seen misrepresentations before purchase or he would not have been injured). Causation was sufficiently pled.

### VI. Motion to Strike Plaintiff's Class-Action Allegations Pursuant to Fed. R. Civ. P. 12(f)

Defendant moved to strike plaintiff's class action allegations as overbroad. The motion was denied, subject to renewal after appropriate discovery.

### A. Standard of Review

Courts rarely grant motions to strike pursuant to Federal Rule of Civil Procedure 12(f). *See McKinney v. Dzurenda*, 10-CV-880, 2013 WL 1296468, at *1 (D. Conn. Mar. 27, 2013)

9

(collecting cases). "A motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 404 (W.D.N.Y. 2010) (internal citations and quotations omitted); *Calibuso v. Bank of Am. Corp.*, 893 F. Supp. 2d 374, 383 (E.D.N.Y. 2012) (same).

### B. Application of Facts to Law

Defendant argued that plaintiff's class definition—all consumers in New York who purchased Freshmates in the last three years—could include consumers who suffered no injury and is therefore overbroad and must be stricken. Def.'s Mot. at 9. The motion was denied.

Courts have construed the payment of a premium price to be an injury in and of itself. *See Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288 (S.D.N.Y. 2014) (all consumers are harmed for purposes of New York General Business Law section 349 in the amount of the purchase price of a misrepresented product or in the amount of the premium paid for the product); *Rodriguez v. It's Just Lunch, Int'l*, 07-CV-9227, 2010 WL 685009, at *9 (S.D.N.Y. Feb. 23, 2010) (premium price paid based on misrepresentations is injury under New York General Business Law section 349).

Plaintiff pleads that part of his injury was the payment of a premium price based on a misrepresentation on the label. This injury is shared with the putative class of all consumers who purchased the products.

He also pleads plumbing costs, injuries potentially not shared with all class members. This does not matter. Plaintiff, even under the microscope of a class certification motion, is not

10

required to demonstrate that *all* of the putative class members had identical motivations or injuries in purchasing Freshmates. *See Ackerman v. Coca-Cola Co.*, 09-CV-395, 2013 WL 7044866, at *10 (E.D.N.Y. July 18, 2013). One common motivation and one common injury, payment of a premium price, are sufficient. The motion to strike was denied.

The question of whether the putative class members meet the commonality requirements of the Federal Rules will be further considered after appropriate discovery.

### VII.  Conclusion

Defendant's motion to dismiss pursuant to Rule 12(b)(1) was denied.

Defendant's motion to dismiss pursuant to Rule 12(b)(6) was denied.

Defendant's motion to strike plaintiff's class action-related allegations pursuant to Rule 12(f) was denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

March 20, 2015
Brooklyn, New York

11