UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY BELFIORE, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>　　　　Defendant. | 14 Civ. 4090 (JBW)(RML)<br><br><br>**<u>CLASS ACTION</u>** |

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE
TO THE COURT'S AUGUST 12, 2015 ORDER**

185192v4

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ......................................................................................................................1

ANALYSIS OF *SHADY GROVE* AND ITS PROGENY................................................................1

CONCLUSION...........................................................................................................................5

# **TABLE OF AUTHORITIES**

**Cases**

*Davis v. Ace Hardware Corp.,*
    Civil Action No. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 22940
    (D. Del. Feb. 21, 2014) ...................................................................................................3

*Frederico v. Home Depot,*
    CIVIL ACTION NO. 05-5579 (JAP), 2006 U.S. Dist. LEXIS 13640
    (D.N.J. Mar. 9, 2006), *aff'd* by, 507 F.3d 188 (3d Cir. 2007). ..........................................3

*Guido v. L'Oreal, USA, Inc.,*
    CV 11-1067 CAS (JCx); CV 11-5465 CAS (JCx), 2013 U.S. Dist. LEXIS 94031
    (C.D. Cal. July 1, 2013) ...............................................................................................2, 4

*Guido v. L'Oreal, USA, Inc.,*
    2:11-cv-01067-CAS(JCx), 2:11-cv-05465-CAS(JCx), 2014 U.S. Dist. LEXIS 165777
    (C.D. Cal. July 24, 2014) .................................................................................................5

*Holster v. Gatco, Inc.,*
    618 F.3d 214 (2d Cir. 2010) .............................................................................................2

*In re Scotts EZ Seed Litig.,*
    304 F.R.D. 397 (S.D.N.Y. 2015) .....................................................................................2

*Knepper v. Rite Aid Corp.,*
    675 F.3d 249 (3d Cir. 2012) .............................................................................................2

*Lisk v. Lumber One Wood Preserving, LLC,*
    No. 14-11714, 2015 U.S. App. LEXIS 11891 (11th Cir. July 10, 2015) ..........................2

*Moreira v. Sherwood Landscaping Inc.,*
    CV 13-2640 (AKT), 2015 U.S. Dist. LEXIS 43919 (E.D.N.Y. Mar. 31, 2015) ................3

*Morris v. Alle Processing Corp.,*
    08-CV-4874 (JMA), 2013 U.S. Dist. LEXIS 90961 (E.D.N.Y. June 27, 2013) ................3

*Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,*
    559 U.S. 393 (2010) ................................................................................................ *passim*

*In re Wellbutrin XL Antitrust Litig.,*
    756 F. Supp. 2d 670 (E.D. Penn. 2010) ............................................................................3

**Statutes**

N.Y. General Business Law § 349 ........................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23, *et seq.* ..........................................................................................................1, 2

Fed. R. Civ. P. 81(c) ......................................................................................................................3

CPLR § 901, *et seq.* ......................................................................................................... *passim*

Plaintiff, Anthony Belfiore ("Plaintiff") respectfully submits this memorandum of law in response to the Court's August 12, 2015 Order that the parties brief the application to the instant case of Section 901(b) of New York's Civil Procedure Law and Rules (CPLR).

## INTRODUCTION

This action has been brought on behalf of all other persons and entities who purchased Charmin Freshmates in the State of New York between May 23, 2011 and May 23, 2014 (the "Class"). Plaintiff alleges that all Class members were injured by paying a premium for a product that defendant deceptively represented as "flushable," "safe for sewer and septic systems," in violation of New York General Obligations Law (GBL) § 349. GBL § 349(h) permits any person injured by reason of any violation of the statute to seek both injunctive relief and statutory damages of $50 per violation.

Federal Rule of Civil Procedure 23 ("Rule 23") sets forth the procedural prerequisites for maintaining a class action in federal court. CPLR § 901 is New York's counterpart to Rule 23, and sets forth the procedural prerequisites for maintaining a class action in New York State courts. *See* CPLR § 901(a) (numerosity, commonality and predominance, typicality, adequacy, and superiority). Unlike Rule 23, CPLR § 901 generally prohibits class actions to recover penalties or statutory damages in New York State courts.

## ANALYSIS OF *SHADY GROVE* AND ITS PROGENY

In *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010), the United States Supreme Court held that CPLR § 901(b) does not apply to state law class actions proceeding in federal court, as § 901(b) is preempted by Rule 23. "Rule 23 unambiguously authorizes *any* plaintiff, in *any* federal civil proceeding, to maintain a class action if the Rule's prerequisites are met." *Id*. (emphasis in original). As recognized by the Second Circuit, *Shady*

*Grove* renders CPLR § 901(b) "irrelevant" in class actions proceeding in federal court. *Holster v. Gatco, Inc.*, 618 F.3d 214, 217 (2d Cir. 2010).

The *Shady Grove* Court's holding is supported by five justices and is binding precedent. *See id*. at 416 (concurring opinion) ("I agree with Justice Scalia that Federal Rule of Civil Procedure 23 must apply in this case and join Parts I and II-A of the Court's opinion"); *Lisk v. Lumber One Wood Preserving, LLC,* No. 14-11714, 2015 U.S. App. LEXIS 11891, at *7-9 (11th Cir. July 10, 2015) (although "no single rationale garnered five votes" in *Shady Grove*, "all five justices agreed that . . . Rule 23 controlled. [Thus,] [r]egardless of which *Shady Grove* opinion is binding, the *holding* is binding. On this there can be no dispute.") (emphasis in original)); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 265 (3d Cir. 2012) (despite the different approaches taken by the members of the plurality and concurrence in *Shady Grove*, they "reached the same result.").

After *Shady Grove*, federal courts have consistently certified class actions seeking to recover penalties or statutory damages under various New York statutes, including GBL § 349, notwithstanding CPLR § 901(b). *See, e.g., Guido v. L'Oreal, USA, Inc.*, CV 11-1067 CAS (JCx), CV 11-5465 CAS (JCx), 2013 U.S. Dist. LEXIS 94031, at *47-48 (C.D. Cal. July 1, 2013) ("*Guido I*") (certifying class of New York purchasers of deceptively labeled product claiming price premium injuries and seeking statutory damages under GBL § 349 and noting that, under *Shady Grove*, CPLR § 901(b) "does not apply to class actions in federal court.") (cited in Plaintiff's Memorandum of Law in Support of Class Certification, ECF No. 58-1, at 15)[1]; *see also Moreira*

---

[1] As discussed in Plaintiff's submissions in support of his motion for class certification and in opposition to defendant's motion to deny certification, other federal courts have certified classes of consumers seeking $50 in statutory damages pursuant to GBL § 349, notwithstanding the existence of CPLR § 901(b). *See, e.g., In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 407 n.5, 415

2

*v. Sherwood Landscaping Inc.*, CV 13-2640 (AKT), 2015 U.S. Dist. LEXIS 43919, at *15-16, 40 (E.D.N.Y. Mar. 31, 2015) (certifying class seeking to recover liquidated damages under New York labor law); *Morris v. Alle Processing Corp.*, 08-CV-4874 (JMA), 2013 U.S. Dist. LEXIS 90961, at *3-5 (E.D.N.Y. June 27, 2013) (same); *see also In re Wellbutrin XL Antitrust Litig.*, 756 F. Supp. 2d 670, 679-680 (E.D. Penn. 2010) (granting plaintiff's motion to amend complaint to assert claims seeking statutory penalties under GBL § 340).

Courts have explicitly found *Shady Grove* applicable to actions, such as the instant one, that were initially filed in state court and removed to federal court. *See Davis v. Ace Hardware Corp.*, Civil Action No. 12-1185-SLR-CJB, 2014 U.S. Dist. LEXIS 22940, at *90 (D. Del. Feb. 21, 2014) (applying *Shady Grove* to class action originally filed in Delaware state court and removed to federal court, although reaching different conclusion on preemption because the Florida state rule at issue "differ[ed] significantly from the New York rule analyzed in *Shady Grove*."). Indeed, Fed. R. Civ. P. 81(c) provides that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." *See also Frederico v. Home Depot*, CIVIL ACTION NO. 05-5579 (JAP), 2006 U.S. Dist. LEXIS 13640, at *8 n.4 (D.N.J. Mar. 9, 2006) (in case decided prior to *Shady Grove*, holding that the federal pleading rules govern the sufficiency of plaintiff's fraud allegations, even though plaintiff originally filed the case in New Jersey State court and defendant removed it to federal court), *aff'd by*, 507 F.3d 188 (3d Cir. 2007).

Courts have also found that the mere chance that applying *Shady Grove* could increase the possibility of forum shopping does not undermine the binding nature of Supreme Court precedent.

---

(S.D.N.Y. 2015) (certifying class and noting the "availability of statutory . . . damages" under GBL § 349, without discussing CPLR § 901(b) or *Shady Grove*).

3

*Shady Grove*, 559 U.S. at 416 (plurality) ("We must acknowledge the reality that keeping the federal-court door open to class actions that cannot proceed in state court will produce forum shopping. . . . . But divergence from state law, with the attendant consequence of forum shopping, is the inevitable (indeed, one might say the intended) result of a uniform system of federal procedure."); *Guido I*, 2013 U.S. Dist. LEXIS 94031, at *47-48 (CPLR § 901(b) does "not apply to a class action proceeding in federal court, . . . despite the risk of forum shopping[.] . . . . Therefore, although allowing the New York class to pursue statutory damages appears to contravene New York procedural law, this outcome is required under *Shady Grove*.").[2]

Similarly, courts have found that applying *Shady Grove* to preempt state procedural rules would not alter the aggregate liability faced by defendants, it would only affect the number of suits that defendants might face. As explained in *Shady Grove*:

> A class action, no less than traditional joinder (of which it is a species), merely enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits. And like traditional joinder, it leaves the parties' legal rights and duties intact and the rules of decision unchanged. [Defendant] contends that . . . allowing [plaintiff] to sue on behalf of a class 'transform[s] [the] dispute over a five *hundred* dollar penalty into a dispute over a five *million* dollar penalty.' [Defendant's] aggregate liability, however, does not depend on whether the suit proceeds as a class action. Each of the 1,000-plus members of the putative class could (as [Defendant] acknowledges) bring a freestanding suit asserting his individual claim.

559 U.S. at 408 (plurality); *see also id*. at 435 n.18 (concurrence by Stevens, J.) ("[C]lass certification would [merely] transform 10,000 $500 cases into one $5 million case."); *Guido v. L'Oreal, USA, Inc.*, 2:11-cv-01067-CAS(JCx), 2:11-cv-05465-CAS(JCx), 2014 U.S. Dist. LEXIS

---

[2] Here, there can be no argument that Plaintiff engaged in forum shopping because *defendant* chose to remove this action to federal court. *See* ECF No. 1 (notice of removal pursuant to diversity jurisdiction under the Class Action Fairness Act (CAFA)).

165777, at *44-46 (C.D. Cal. July 24, 2014) ("*Guido II*") (refusing to decertify class based on argument that aggregating the $50 in statutory damages available under GBL § 349 would constitute an excessive fine under the Eighth Amendment).

## CONCLUSION

For the reasons set forth herein, and under *Shady Grove* and its progeny, CPLR § 901(b) has no application to the instant case.

Dated: August 26, 2015

                                          **WOLF POPPER LLP**

                                          /s/ Lester L. Levy
                                          Lester L. Levy
                                          Michele Fried Raphael
                                          Robert S. Plosky
                                          845 Third Avenue, 12th Floor
                                          New York, NY 10022
                                          Tel: (212) 759-4600

                                          *Attorneys for Plaintiff*