UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANTHONY BELFIORE, on behalf of himself and all others similarly situated,

                    Plaintiff,

-against-

THE PROCTER & GAMBLE COMPANY,

                    Defendant.

14 Civ. 4090 (JBW)(RML)

## DEFENDANT'S RESPONSE TO THE COURT'S
## REQUEST FOR BRIEFING ON NEW YORK C.P.L.R. SECTION 901(b)

Section 901(b) of the New York C.P.L.R. prohibits class actions in state court when the statute at issue authorizes – and the plaintiff demands – penalties or statutory damages. Because Section 349 of the N.Y. General Business Law authorizes statutory damages, and because Mr. Belfiore's attorneys are claiming statutory damages under the statute, this case could not be certified as a class action in state court.

Section 349 permits a prevailing plaintiff to recover "his actual damages or fifty dollars, *whichever is greater*." N.Y.G.B.L. § 349 (h) (emphasis added). Mr. Belfiore claims he suffered plumbing-related damages in excess of $500 and paid an unjustified price premium. Consequently, regardless of the forum, he cannot recover – and has no incentive to pursue – statutory damages.

In *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 559 U.S. 393 (2010), the Supreme Court ruled that Section 901(b) did not displace Fed. R. Civ. P. 23 in cases involving statutory damages in federal court. Therefore, in this court, Plaintiff's motion for class certification is governed by Rule 23. *See Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp.

2d 357, 371 n.5 (W.D.N.Y. 2013).  As P&G has argued elsewhere, Mr. Belfiore's motion for class certification must be denied because he has not met his evidentiary burden under Rule 23.

The fact that Rule 23 governs in this court does not mean that the policy objectives animating Section 901(b) have no bearing on Plaintiff's motion for class certification.  As Justice Ginsberg noted in her dissenting opinion in *Shady Grove* (which was joined by three other Justices), Section 901(b)'s restriction on class actions in cases involving statutory damages effectuates New York's "legitimate interest in keeping certain monetary awards reasonably bounded."  559 U.S. at 437.  The purpose of Section 901(b) is to prevent "excessively harsh results" in excess of "a plaintiff's actual damages."  559 U.S. at 444.  Although five Justices did not deem this legislative purpose a sufficient reason to categorically ban all class actions where the plaintiff is able to satisfy the conditions of Rule 23, New York's interest in preventing excessive damages underscores the importance of not certifying a class without first conducting a "rigorous analysis" to ensure that Rule 23's evidentiary requirements have been satisfied.  *In re Initial Pub. Offering Sec. Litig.*, 471 F.3d 24, 33, 41 & n.3 (2d Cir. 2006) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

This case illustrates the potential danger of failing to ensure that the requirements of Rule 23 are satisfied.  Plaintiff's attorneys allege that Freshmates purchasers may be entitled to *$95 million* in "statutory damages" based on the *possibility* that they paid a "price premium" attributable to the "flushable" claim.  Hr'g Tr. at 20 (Aug. 12, 2015).  They have proffered no evidence that such a premium exists.  Indeed they admit that it "may or may not" exist.  *Id.* at 20.  Notably, Plaintiff's expert, Mr. Weir, has *not* opined that there that there *is* a premium attributable to the "flushability claim," only that *if* there were a premium, he would be able to measure it.  *Id.* ("What our expert has to do is say what does the flushable label mean as far as

2

the price"); *id.* at 26 (admitting that the difference in price between Freshmates and baby wipes "[i]s not all attributable to flushability" and that "Mr. Weir would have to weed all that out"). Thus, based on the evidence of record, Plaintiff's "price premium" theory is nothing more than a hypothesis. The alleged price effect "may or may not" exist, and it is not supported by any evidence.

This failure of proof is fatal to Plaintiff's motion for class certification under Rule 23. The assertion that *all* Freshmates purchasers have been injured is based entirely on the hypothesis that *all* of them paid a price premium. However, because this hypothesis is not supported by any *evidence*, class certification must be denied.[1]

This failure is also fatal to Plaintiff's claim for statutory damages. Section 349 only permits recovery (of any kind) by persons who have "been injured by reason of [a] violation" of the statute. N.Y. Gen. Bus. L. § 349. Absent an evidentiary showing of an actual injury caused by defendant's conduct, statutory damages are unavailable. *See, e.g.*, *Pagan v. Abbott Labs, Inc.*, 287 F.R.D. 139, 149 (E.D.N.Y. 2012) ("The existence of a minimum amount of statutory damages [under Section 349] does not assist the Plaintiffs in overcoming the hurdle of affirmatively demonstrating commonality, because . . . the Plaintiffs need to first show that the class members have been injured or harmed in the same way."); *Himber v. Intuit, Inc.*, 2012 WL 4442796, at *9 (E.D.N.Y. Sept. 25, 2012) ("[T]he lack of non-speculative, non-hypothetical

---

[1] *See, e.g.*, *Ault v. J.M. Smucker Co.*, 2015 WL 4692454, at *5 (S.D.N.Y. Aug. 6, 2015) (class certification denied, in part, because plaintiff offered "*no evidence that a price premium actually existed*") (emphasis added); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 513 (S.D.N.Y. 2011) ("Oscar has adduced absolutely *no evidence* that he could demonstrate on a class-wide bases that consumers would have paid less for their MINIs if they had known that the tires were susceptible to puncture. … Whether MINI purchasers would have paid less for their cars had defendant disclosed an increased risk of tire failure is unknown. But Oscar *has not produced any evidence* on this issue, nor has Oscar addressed how *the fact of damage* – let alone the amount – could be established on a class-wide basis.") (emphasis added).

3

injury in this case is not cured by the existence of statutory damages under the relevant statutory provision[.]"). Not surprisingly, Plaintiff has not cited any case from within the Second Circuit in which a court certified a class on the basis of statutory damages under the New York General Business Law.

Finally, it is worth noting that aggregating statutory damages claims in a class action would raise significant fairness and due process concerns. The drafters of Rule 23(b)(3) sought to ensure that certification be achieved "without sacrificing procedural fairness or bringing about other undesirable results." Fed. R. Civ. P. 23, advisory committee notes, 1966 amendment. The Second Circuit has observed that "the aggregation in a class action of large numbers of statutory damages claims potentially distorts the purpose of both statutory damages and class actions," resulting in damages awards "far beyond the actual damages suffered." *Parker v. Time Warner Entertainment*, 331 F.3d 13, 22 (2d Cir. 2003). The Court noted with concern that this potential distortion may "induce unfair settlements," and, "in a sufficiently serious case," violate defendant's due process rights. *Id.* These concerns underscore the importance of making certain that Rule 23 is applied in a manner that does not undermine Section 901(b)'s policy against excessive recoveries in cases involving statutory damages.

A rigorous application of Rule 23 will ensure that New York's policy against excessive recoveries is not eviscerated. Because Mr. Belfiore seeks actual plumbing damages in excess of $500, he is not entitled to statutory damages under Section 349(h) and cannot represent a statutory damages class of New York purchasers. Nor has Plaintiff satisfied the common injury requirement because the vast majority of Freshmates purchasers use and flush the product successfully. These purchasers received the full benefit of their bargain and, therefore, *were not injured in any way*. They did not pay an unwarranted "price premium" because the product

4

worked as advertised for them.  They are not eligible to recover statutory damages because they were not injured.  In short, Plaintiff's failure to prove common injury (in the form of a "price premium" or otherwise) precludes class certification under Rule 23.

Respectfully submitted:

/s/ **Andrew D. Schau**
Andrew D. Schau
Michael Sochynsky
**COVINGTON & BURLING LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000

Emily Johnson Henn*
**COVINGTON & BURLING LLP**
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061
(650) 632-4700

Sonya D. Winner*
Cortlin H. Lannin*
**COVINGTON & BURLING LLP**
One Front Street, 35th Floor
San Francisco, CA 94102
(415) 591-6000

* *Admitted pro hac vice*

*Attorneys for Defendant*
*The Procter & Gamble Company*

Dated:  August 26, 2015