**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Cortlin H. Lannin

Covington & Burling LLP
Salesforce Tower
415 Mission Street
San Francisco, CA 94105-2533
T   1 415 591 7078
clannin@cov.com

**By ECF**                                                              May 31, 2019

Hon. Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Belfiore v. The Procter & Gamble Company*, 14 Civ. 4090
           (JBW) (RML)

Dear Judge Weinstein:

      On behalf of Defendant The Procter & Gamble Company ("P&G"), we write to request a status conference with this Court specifically regarding the *Belfiore* case against P&G, in order to update the Court on certain developments specific to this case that have occurred since the Court originally granted class certification on March 27, 2017: (i) a federal court-approved settlement of consumer claims of the type asserted here regarding P&G's flushable wipes, which covers consumers in *every state* except New York, and (ii) the Federal Trade Commission's ("FTC") closure of its investigation of P&G's flushable wipes with no action. P&G respectfully submits that these developments raise potentially dispositive issues in the *Belfiore* case as to the propriety of class certification, separate and apart from the injury and causation issues that the Second Circuit has remanded to this Court. For that reason, P&G requests that the Court bring the *Belfiore* parties together to consider these issues in advance of any evidentiary hearing on the injury and causation issues identified by the Second Circuit.[1]

      **A.**      **P&G's 49-State Settlement.**

      From the outset of this litigation, this Court has observed that the "sprawling flushable wipes litigation … cries out for a global settlement." *See, e.g.*, Scheduling Order, D.E. 252, at 1 (Oct. 13, 2016). Consistent with the Court's guidance, plaintiffs' counsel representing consumers across every state except New York agreed with P&G to resolve claims regarding the flushability of P&G's flushable wipes. That settlement was reached in *Pettit v. Procter & Gamble Company*, No. 15-cv-2150, pending in the Northern District of California, and simultaneously

---

[1]      Should this case proceed to a hearing on the injury and causation issues identified by the Second Circuit, P&G expects to raise other reasons this Court should decertify the purported class, including plaintiff's inability to prove causation and injury on a classwide basis through common proof. This letter is not meant to brief those and similar issues, which P&G would do if necessary at the appropriate time.

**COVINGTON**

Hon. Jack B. Weinstein
May 31, 2019
Page 2

resolved another flushable wipes-related class action against P&G that was pending in the Southern District of Ohio but has now been dismissed. *See Ramcharitar v. Procter & Gamble Co.*, No. 15-cv-0457 (S.D. Ohio). Plaintiffs in both the *Pettit* and *Ramcharitar* actions asserted claims similar to those asserted by Mr. Belfiore here. On March 29, 2019, Judge Seeborg of the U.S. District Court for the Northern District of California granted final approval of the settlement, which covers "[a]ll Persons … who purchased the [P&G] Product in the United States between April 6, 2011 and November 26, 2018, excluding purchases in the State of New York and purchases for purposes of resale." A copy of the order of final approval and settlement agreement are attached as Exhibit A and B, respectively.

Unfortunately, this settlement does not cover the claims of the New York consumers who are before this Court and who are represented by their class counsel at Wolf Popper LLP. P&G would have preferred to settle these cases on a truly nationwide basis, but Mr. Belfiore (through class counsel in this case) declined to participate in the settlement after the terms of the settlement were disclosed to them. Had Mr. Belfiore joined the *Pettit* settlement, this matter would have been resolved as to P&G on a nationwide basis, just as the Court has counseled for many years. Instead, Mr. Belfiore and his counsel are now litigating the *only* consumer flushable wipes case against P&G in the nation.

**B.      The 49-State Settlement Provides Monetary and Injunctive Relief to Consumers.**

The *Pettit* settlement provides significant monetary relief to consumers. Consumers who submit a valid claim are entitled to a cash refund of $0.60 for each package of the wipes they purchased, up to a limit of $4.20 for purchases without a proof of purchase and $30 for purchases supported by a proof of purchase. *See* Ex. B ¶ 4.4.

The settlement also provides valuable non-monetary relief that will benefit all consumers, including those in New York. To start, P&G is required to make significant changes to the composition and testing of the wipes, as P&G has agreed not to use certain fibers in the wipes. Additionally, P&G will ensure that all current and future versions of the wipes will comply with more stringent testing protocols. *See id.* ¶ 3.2.

P&G has also agreed to make substantial changes to the labeling of the wipes, including changes that this Court has endorsed. For example, in addition to the existing instruction on the label that "[f]or best results, flush only one or two wipes at a time," P&G is adding another instruction to the label: "Use only in well-maintained plumbing systems." *See id.* This is consonant with the Court's previous observations that, for example, "the easiest way to settle" the litigation would be an "injunction without damages" requiring "a plain forthright statement" such as "[f]lush after putting one in the toilet and make sure your toilets are in good shape." *See* Tr. of Mar. 31, 2015 Status Conf., D.E. 87, at 22. During the 2017 hearing on class certification, the Court likewise suggested a settlement should include "a further warning, it seems to me, not to use [the wipes] if the plumbing facilities are not in good order." *See* Tr. of Feb. 3, 2017 Hr'g on Renewed Mot. to Deny Class Certification, D.E. 257, at 54. P&G's modifications to the label are thus consistent with this Court's prior guidance to the parties on an appropriate non-monetary resolution of this matter.

COVINGTON

Hon. Jack B. Weinstein
May 31, 2019
Page 3

Finally, P&G will be modifying the label of wipes to add a statement that "Your satisfaction is guaranteed. For details of our refund program go to our website at www.charmin.com/guarantee". *See* Ex. B ¶ 3.2. That website will include information about P&G's satisfaction guarantee, including the availability of purchase price refunds for consumers who are dissatisfied with the performance of the wipes. *See id.*

As part of this 49-state resolution, the court approved a fee award of $2.15 million for the *Pettit* class counsel. *See* Ex. A ¶ 28.

### C. In August 2017, the FTC Closed Its Investigation of P&G's Flushable Wipes With No Action.

As this Court will recall, prior to class certification it stayed this litigation and referred plaintiff's claims, including the "appropriate definition of 'flushable' wipes and related issues," to the FTC. *See Belfiore v. Procter & Gamble Co.*, 311 F.R.D. 29, 39, 72-80 (E.D.N.Y. 2015). The FTC ultimately declined this Court's referral in a letter from the FTC's Acting General Counsel, explaining that the agency lacks authority to conduct aggregate adjudication of private claims and would instead proceed to review flushability claims on a "case-by-case basis." *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482, at 504-05 (E.D.N.Y. 2017). As this Court observed in its class certification order, the FTC's review of P&G's wipes was ongoing when this Court granted certification. *See id.* at 495.

A few months after this Court's certification order, the FTC informed P&G that it had closed its review of flushability claims made in connection with the Freshmates wipes. *See* Ex. C (Letter from Mary K. Engle, Associate Director, Division of Advertising Practices, Federal Trade Commission, to John D. Graubert, Outside Counsel, The Procter & Gamble Co., Re: FTC File No. 132-3190 (Aug. 29, 2017) ("FTC Letter")). The FTC Letter indicates that the agency "has conducted an investigation into the advertising of flushable wipes by" P&G "for possible violations of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45." Ex. C at 1. "Upon careful review of" the record, the FTC "determined not to recommend enforcement action" with respect to Freshmates products. *Id.* Although the FTC's action is not "a determination that a violation of law did not occur," the letter also clarifies that the FTC's investigation "should not be construed as a determination that a violation [did] occu[r]." *Id.* Thus, the FTC Letter concludes the administrative review cited throughout this Court's class certification order.

### D. These Developments Raise Independent Issues of Decertification.

P&G respectfully submits that its recent settlement, as well as the FTC's decision to close its investigation of P&G and its flushable wipes, raise issues under Rule 23(a) and (b)(3) – aside from the injury and causation issues identified by the Second Circuit – as to whether this Court should decertify the purported class in the *Belfiore* case. Plaintiff has held out for certification of a New York-only class and seeks statutory damages that are exponentially larger than *any* measure of consumers' actual damages, but other events have overtaken his case. Given that consumers *everywhere* (including in New York) are now benefitting from a 49-state settlement that Mr. Belfiore declined to join, and the FTC has now determined no action is necessary as to P&G's wipes, the New York class should be decertified.

**COVINGTON**

Hon. Jack B. Weinstein
May 31, 2019
Page 4

   P&G respectfully requests a status conference in the *Belfiore* case at the Court's earliest convenience to discuss these issues and how the Court would prefer to entertain further argument on them.

                 Respectfully submitted,

                   */s/ Cortlin H. Lannin*

                 Cortlin H. Lannin

                 *Counsel for Defendant*
                 *The Procter & Gamble Co.*

cc: Counsel of record (via ECF)