

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

EJOYCE@SIDLEY.COM
+1 212 839 8555

May 31, 2019

**Submitted Via ECF**

The Honorable Jack. B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-1142-JBW-RML
              *Belfiore v. The Procter & Gamble Co.*, No. 1:14-cv-4090-JBW-RML

Dear Judge Weinstein:

    We are writing on behalf of Defendants Kimberly-Clark Corporation, Costco Wholesale Corporation, and The Procter & Gamble Company in response to Plaintiffs' May 29, 2019 Letter [D.E. 313 in Case No. 1:14-cv-1142], in which they request that the Court set new dates for the July 16-18, 2019 evidentiary hearing scheduled in the above-referenced matters, among other relief. Plaintiffs' letter came as a surprise. Neither of the Plaintiffs gave notice, much less met and conferred with any of the Defendants as required by E.D.N.Y. Local Rule 37.3(a), before unilaterally proposing (i) September 24-25 as the dates for a re-scheduled evidentiary hearing, (ii) a two-day hearing, rather than the three days allotted by the Court, *see* May 16, 2019 Order [D.E. 311 in Case No. 1:14-cv-1142], and (iii) deadlines for the submission of supplemental expert reports. Because Defendants object to several proposals set forth for the first time in Plaintiffs' Letter, we are writing to advise the Court of Defendants' positions on each of these matters.

    First, because Plaintiffs failed to meet and confer regarding the specific requests in their May 29 letter before unilaterally suggesting their revised schedule, not all Defendants can currently represent that they or their experts are available for a Court hearing on Plaintiffs' proposed September 24-25, 2019 dates. Defendants propose that the parties meet and confer, and *then* propose dates to the Court when *all* of the parties and their experts are *actually* available.[1]

---

[1] Defendants in the *Kurtz* case had previously been told that although Mr. Weir had some trial commitments during the time when this Court set the hearing, Mr. Weir was available on one of the three days from July 16-18, 2019.

SIDLEY AUSTIN (NY) LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP DOING BUSINESS AS SIDLEY AUSTIN LLP AND PRACTICING IN AFFILIATION WITH OTHER SIDLEY AUSTIN PARTNERSHIPS.

# SIDLEY

Page 2

Second, Defendants maintain that the Court should allot three days for the evidentiary hearing, as originally set forth in its May 16, 2019 Order. Again, Plaintiffs failed to meet and confer with Defendants regarding the length of the evidentiary hearing in these matters, and it is unclear why or how Plaintiffs determined that only two days will be required for such a hearing, even as they acknowledge they do not know "the manner by which the Court would like the . . . hearings to proceed." Pls.' Letter at 2. If the parties later agree that fewer than three days will be needed they can apprise the Court accordingly, but there is no basis on which to make that decision now.

Third, Defendants object to the proposed schedule for supplemental expert reports set forth in Plaintiffs' Letter. As a threshold matter, it does not follow from the Second Circuit's statement that "further development of the record is appropriate" (Summary Order at 4) that "a supplemental expert report from Mr. Weir" (Pls. Letter at 1) is necessary or appropriate. Mr. Weir and the Defendants' experts who responded to him in these cases have never testified (either via depositions or in-court testimony) about the opinions in their previously submitted reports, and the evidentiary hearing scheduled by the Court may provide ample opportunity for "further development of the record"—including explanations from Mr. Weir and Defendants' experts regarding the bases for their opinions—without the need for supplemental reports. Further, this Court's May 16 Order did not contemplate any additional submissions prior to the evidentiary hearing.

Even if the Court is inclined to schedule time for Mr. Weir and Defendants' experts to submit supplemental reports, their proposed schedule is unfair and untenable. First, Plaintiffs offer no reason—beyond the cursory assertion that Mr. Weir is testifying in another unidentified matter in July—that he requires nearly three months to submit such a report. This proposal is particularly unsupported given that Mr. Weir already stated more than four years ago, when he submitted his rebuttal report in March 2015, that "the necessary data to complete the regression analysis that I have proposed is already in hand, or forthcoming." Rebuttal Declaration of Colin B. Weir [D.E. 121 in Case No. 14-cv-1142].[2]

Defendants also object to Plaintiffs' proposal that Mr. Weir have nearly three *months* to submit a supplemental report, yet only offers Defendants' experts approximately three *weeks* to respond. This proposal is facially unfair and ignores that Mr. Weir has continued offering opinions about price premiums in other flushable wipes cases since he submitted his reports in these cases (whereas Kimberly-Clark and Costco have not been involved in litigation about that

---

[2] In addition, counsel for Kurtz proposed to Kimberly-Clark and Costco a joint stipulation that would allow Mr. Weir to rely on the pricing data already in his possession at the time of his original expert reports. Defendants are drafting a stipulation to memorialize such an agreement, which they intend to share with Plaintiffs shortly.

# SIDLEY

Page 3

subject).³ Again, to the extent that the Court is inclined to schedule time for the exchange of supplemental expert reports before holding its evidentiary hearing, Defendants propose that the parties meet and confer and *then* jointly submit a proposed schedule to the Court that is fair to all parties.

Defendants will make themselves available for any conference this Court may wish to hold to discuss the manner by which it would like the subsequent evidentiary hearing in these matters to proceed. In the interim, Defendants will discuss scheduling issues with Plaintiffs in an effort to find mutually agreeable dates.

Respectfully submitted,

/s/ *Eamon P. Joyce*

*Counsel for Defendant Kimberly-Clark Corp.*

/s/ *Adam Hunt*

*Counsel for Defendant Costco Wholesale Corporation*

/s/ *Cortlin Lannin*

*Counsel for Defendant The Procter & Gamble Co.*

Cc:   All counsel of record

---

³ Since Mr. Weir submitted his declarations in this case, he submitted declarations and sat for deposition testimony in other cases involving various companies' flushable wipes. *See Pettit v. Procter & Gamble Co.*, No. 3:15-cv-2150 (N.D. Cal.); *Meta v. Target Corp.*, No. 4:14-cv-0832 (N.D. Ohio). None of the *Kurtz*/*Belfiore* Defendants was a party in *Meta*, and only Procter & Gamble was a party in *Pettit*. Mr. Weir's *Meta* materials are completely under seal and thus not accessible by the *Kurtz* and *Belfiore* Defendants or their counsel, and in *Pettit* Mr. Weir's opening report and deposition remain partially sealed. *See generally* Fed. R. Evid. 26(a)(2)(B)(ii) (requiring disclosure of "the facts or data considered by the witness in forming [expert opinions]").