**WOLF POPPER LLP**

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS

wolfpopper.com

DIRECT DIAL:            (212) 451-9621
EMAIL:                 minsley-pruitt@wolfpopper.com

June 12, 2019

**By ECF**

Hon. Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

         Re:     *Belfiore v. The Procter & Gamble Co.*, 14-cv-4090

Dear Judge Weinstein:

      I write on behalf of Plaintiff Anthony Belfiore ("Plaintiff") in the above-captioned action in response to Defendant Procter & Gamble Co.'s ("Defendant" or "P&G")'s letter submitted this afternoon regarding scheduling a status conference. As an initial matter, counsel for Plaintiff are available for a status conference at all three times listed by P&G: Monday (6/17) at 11:00 a.m. and Tuesday (6/18) at either 11:00 a.m. or 12:00 p.m.

      However, having the same parties appear at a separate status conference on a separate day to address the status of the same Second Circuit mandate is a waste of time and resources. All of the parties appear to be available on Tuesday at 12:00 p.m., and the most logical course of action is simply to have everyone together to address the issues at one time.

      P&G's efforts to distinguish its situation and decertify the Class are frivolous. ***First***, P&G already argued to the Second Circuit that they received a no-action letter from the FTC. *See Belfiore v. Procter & Gamble Co.*, Case 17-1861, Doc. 39 (Motion for Judicial Notice of FTC Letter); Doc. 121 at 20-21 (Defendant's argument); Doc. 119 at 13 n.11 (Plaintiff's argument). Yet, the Second Circuit's limited remand does not encompass this point. Furthermore, Your Honor has already considered the impact on class certification of a substantially similar no-action letter received by Kimberly-Clark. *See* 14-cv-04090, Doc. 252 at 29-30 (acknowledgment of no-action letter), 109-110 ("A decision not to order Kimberly-Clark to change its labeling does not indicate that the FTC approves of the labeling or that plaintiffs' pursuit of more detailed relief is imprudent." (citing cases)). There is no reason to believe that P&G is differently situated.

      ***Second***, P&G's settlement in the *Pettit* matter was purposefully tailored to ***exclude*** the consumers in New York that are members of the Class Your Honor certified. It is illogical to think that relief for everyone else in the country should be a basis to decertify the Class in New York after this Court has already found that the Class satisfies the elements of Rule 23. Furthermore, P&G's endorsement of certification across 49 states in the *Pettit* settlement illustrates that its opposition to class certification here in *Belfiore* is inconsistent.

Hon. Jack. B. Weinstein
June 12, 2019
Page 2

                                                          Respectfully submitted,

                                                          Matthew Insley-Pruitt

                                                          *Counsel for Plaintiff*

cc:  All Counsel of Record (via ECF)