# MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

June 14, 2019

Writer's Direct Contact
+1 (212) 336.4341
AdamHunt@mofo.com

Via ECF

Hon. Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Kurtz v. Kimberly-Clark Corporation & Costco Wholesale Corporation*, Case No. 14-cv-1142
       *Belfiore v. The Procter & Gamble Company*, No. 14-cv-4090

Dear Judge Weinstein:

I write on behalf of Defendant Costco Wholesale Corporation ("Costco") and Defendant Kimberly-Clark Corporation ("Kimberly-Clark") in the *Kurtz* action, as well as Defendant The Procter & Gamble Company ("P&G", and together with Costco and Kimberly-Clark, "Defendants") in the *Belfiore* action in response to the Court's June 7, 2019 Order directing the parties in both cases to "file a proposed schedule accounting for any discovery, briefing, a status conference, and the evidentiary hearing" in these cases. Defendants' counsel have conferred with counsel for Plaintiffs several times since the Court issued its June 7 Order. Aside from agreeing that they are available for a status conference before the Court on June 18 at 12 noon, however, the parties have not yet reached agreement on the other topics that the Court directed the parties to address. Accordingly, Defendants' positions regarding discovery, an evidentiary hearing, and briefing are as follows:

*Discovery*

Consistent with Federal Rule of Civil Procedure 26, the parties need to produce "facts or data" their experts have considered since they filed their original reports in this case. As Defendants pointed out in their opposition to Plaintiffs' motion to adjourn the hearing (*Kurtz*, D.E. 315), Plaintiffs' expert, Mr. Weir, stated more than four years ago, when he submitted his rebuttal report in March 2015, that "the necessary data to complete the regression analysis that I have proposed is already in hand, or forthcoming." Rebuttal Declaration of Colin B. Weir [*Kurtz*, D.E. 121]. Keeping in mind the Court's directive that "[s]peed is essential in this 2014 case," Defendants propose that the parties produce any "facts or data"

ny-1669189

MORRISON | FOERSTER

Hon. Jack B. Weinstein
June 14, 2019
Page Two

which their experts have considered and which is not subject to a protective order related to flushable wipes-related pricing—by June 21, 2019. See Federal Rule of Civil Procedure 26(a)(2)(B)(ii).[1] In particular, that includes (but is not limited to): 1) the universe of data Plaintiffs' expert has considered with respect to flushable wipes pricing, and the sources of such data; and 2) any customized data sets, or merging of any data sets from different sources, that Plaintiffs' expert may have created, including any coding of the data that Plaintiffs' expert has used or would use to run a regression analysis. Because Plaintiffs have been on notice of further proceedings since the Second Circuit's May 14 remand order, as well as the Court's May 16, 2019 order setting an evidentiary hearing, and have long known that Mr. Weir was continuing to work on flushable wipes-related issues in other litigations while the instant cases were on appeal, a June 21, 2019 deadline to provide this information is reasonable.[2] While this schedule is significantly expedited, Defendants are prepared to move forward with an evidentiary hearing in mid-July as outlined below.[3] Under this proposed schedule, Defendants will have approximately three weeks to analyze Plaintiffs' expert's materials, which he has been working on for *years* while the instant cases were stayed pending appeal.

---

[1] Since Plaintiffs' expert Mr. Weir submitted his declarations in this case, he submitted declarations and sat for deposition testimony in other cases involving various companies' flushable wipes. See Pettit v. Procter & Gamble Co., No. 3:15-cv-2150 (N.D. Cal.); Meta v. Target Corp., No. 4:14-cv-0832 (N.D. Ohio). None of the Kurtz/Belfiore Defendants was a party in Meta, and only Procter & Gamble was a party in Pettit. Mr. Weir's Meta materials are completely under seal and thus not accessible by the Kurtz and Belfiore Defendants or their counsel, and in Pettit Mr. Weir's opening report and deposition remain partially sealed. See generally Fed. R. Evid. 26(a)(2)(B)(ii) (requiring disclosure of "the facts or data considered by the witness in forming [expert opinions]"). Mr. Weir has not produced in the Kurtz and Belfiore cases any facts or data Mr. Weir considered in connection with his work in Pettit or Meta.

[2] If Plaintiffs intend to submit a supplemental expert report and the Court permits such a submission, Defendants ask that the Court order: (1) Plaintiffs to produce any such report and the "facts and data" their expert considered by June 21, 2019; and (2) Defendants to produce any rebuttal expert reports and the "facts and data" their experts considered by July 12, 2019.

[3] Given the existing commitments of three sets of Defendants, three sets of outside counsel, and three different experts, the evidentiary hearings in this case will likely slide into September if not concluded by July 26, 2019.

ny-1669189

MORRISON | FOERSTER

Hon. Jack B. Weinstein
June 14, 2019
Page Three

*Evidentiary Hearing*

In light of the Court's admonition that "[s]peed is essential to this 2014 case" Defendants are preparing to participate in an evidentiary hearing prior to August 1, 2019. However, due to scheduling complexities among the parties, their counsel, and their experts in both the *Kurtz* and *Belfiore* actions, Defendants suggest that the hearing be scheduled on non-consecutive days in July, as follows:

- Week of July 15 – Plaintiffs' expert;[4]

- Week of July 15, one to two days after date selected for Plaintiffs' expert's testimony – Costco's and P&G's witnesses;

- Week of July 22 – Kimberly-Clark's witnesses.

Respectfully submitted,

*Adam J. Hunt*

---

[4] Defendants understand that Plaintiffs' expert Mr. Weir is slated to testify at a trial sometime during the week of July 15. However: (i) counsel for Dr. Kurtz had once advised that Mr. Weir may be available to testify on one of the three hearing dates originally set by this Court (July 16-18), (ii) Defendants' witnesses have similar obligations during this period, and (iii) unless Mr. Weir testifies during the week of July 15, it will not be possible to complete the evidentiary hearings by August 1 due to overlapping conflicts of counsel, witnesses, and clients.

ny-1669189