**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
T +1 415 591 6000

**By ECF**                                                                                                  June 28, 2019

Hon. Robert Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: ***Belfiore v. The Procter & Gamble Company***, 14 Civ. 4090 (JBW) (RML)

Dear Magistrate Judge Levy:

The parties in the above-referenced case write in connection with your order on June 24 directing the parties to advise whether any discovery would be needed in connection with the evidentiary hearing now scheduled to commence on August 6, 2019. At this time, it appears neither Mr. Belfiore nor P&G intends to seek new discovery of the other.[1]

Relatedly, the parties have agreed on certain interim deadlines relevant to the upcoming evidentiary hearing. Specifically:

- Mr. Belfiore will disclose by July 9, 2019, the supplemental report of his expert Colin Weir.
- P&G will disclose by July 26, 2019, the supplemental report of its expert Carol Scott.

However, there are two disputed issues on which the parties would appreciate the Court's guidance: whether the parties' experts should be deposed prior to the August 6 hearing and, if so, when plaintiff's expert (Colin Weir) should be deposed.

***P&G's position***. P&G is frankly puzzled by plaintiff's assertion that there is an open question as to whether his expert may be deposed before the evidentiary hearing, because Judge Weinstein has already answered in the affirmative. Specifically, at the Case Management Conference on June 18, 2019, counsel for P&G stated that P&G "would like an opportunity to depose Mr. Weir shortly after his report is disclosed" and before the hearing, to which the Court responded "Okay. You can do that. You can take any discovery in that narrow time period you want. I have no objections to getting the best possible decision that the Court of Appeals has asked us to get." *See* Tr. of Jun. 18, 2019 Status Conf. ("Tr."), at 40-41. That dialogue should

---

[1]  Consistent with Federal Rule of Civil Procedure 26(a)(2)(B), both parties have agreed to produce, *inter alia*, any previously unproduced "facts or data" their respective experts consider when forming any opinions that are disclosed in their supplemental reports.

COVINGTON

Hon. Robert Levy
June 28, 2019
Page 2

put this particular question to rest, and in any event plaintiff's arguments for overriding Judge Weinstein's decision are baseless. The fact that Mr. Weir was deposed by P&G in a different case involving a different state, different time period, and different claims is not grounds for forgoing his deposition here. And there is nothing "overly complicated" about scheduling this deposition; the only question is what day it will proceed, as discussed below.

P&G understands that Mr. Weir is at trial and unavailable the week after he discloses his report (the week of July 15), but we are prepared to take his deposition *any* day the following week of July 22, including as soon as Monday, July 22. While we understand that Mr. Weir has a deposition in another case on Wednesday, July 24, it is unreasonable for Mr. Weir to wall off that entire week on account of a single other commitment – especially given the extremely narrow window to complete all this work before the evidentiary hearing. P&G thus requests that the Court order Mr. Belfiore to produce Mr. Weir for deposition at some point that week of July 22. While P&G is theoretically available to take Mr. Weir's deposition on Monday, July 29, it would be unfair to proceed on that day, as Mr. Weir by then will have had an opportunity to review the rebuttal report of P&G's expert (which will be disclosed by July 26) and prepare for his deposition accordingly.[2]

*Plaintiff's position*. Plaintiff does not believe that depositions of the parties' expert witnesses are necessary or appropriate in the limited time that is available prior to the hearing on August 6. Defendant has not articulated any benefit depositions would provide considering that the experts themselves will be testifying before the Court as part of the hearing starting August 6. *See* Tr. at 38:20-24 (the Court, discussing P&G's expert's availability: "And I think you might as well take his deposition before me . . . We'll take his deposition *or* testimony" (emphasis added)). Moreover, both experts in the P&G matter have already been deposed in the *Pettit* case, which involved the application of Weir's hedonic regression model in determining class-wide damages for the exact same product; not much more could be expected here. Furthermore, scheduling depositions would be overly complicated because if either expert is deposed in this limited time frame, both experts would need to be deposed – Weir in Boston and Scott in California. Finally, Weir's report would also impact the proceedings in the *Kurtz* matter, so any deposition dates would also have to be coordinated with counsel in that matter.

If this Court were to allow depositions to proceed, Defendant has suggested that Mr. Weir's deposition take place on Friday, July 26. However, scheduling a deposition for Friday, July 26, which will require preparation in advance, is an excessive burden because Mr. Weir will have completed his report at the beginning of the month in this matter, needs to appear at trial on the week of July 15 in a second matter, be prepared and deposed in a third matter on July 24, and submit an expert report in another matter on July 26. This would also violate Mr. Weir's company's eminently reasonable policy of not sitting for two depositions in two separate matters in the same week. If depositions are ordered, Plaintiff would propose Weir's deposition take

---

[2] P&G understands that one or more defendants in the related *Kurtz* action may object to Mr. Weir disclosing *any* supplemental reports in advance of the evidentiary hearing. To the extent any such arguments advanced by those defendants are also applicable to P&G, P&G expressly reserves its rights to join them.

**COVINGTON**

Hon. Robert Levy
June 28, 2019
Page 3

place during the week of July 29, after time to adequately prepare and thus provide the Court with the ability to get "the best possible decision that the Court of Appeals has asked us to get" (Tr. at 41:7-10). This date would pose no prejudice to Defendant.

If depositions are ordered over Plaintiff's objection, Dr. Scott and counsel for Mr. Belfiore are available to take Dr. Scott's deposition on August 2, 2019.

The parties look forward to the Court's guidance on this issue and are available to join a conference call if that would be useful.

Respectfully submitted,

COVINGTON & BURLING LLP

*/s/ Cortlin H. Lannin*
Cortlin H. Lannin

*Counsel for Defendant*

WOLF POPPER LLP

*/s/ Matthew Insley-Pruitt*
Matthew Insley-Pruitt

*Counsel for Plaintiff*

cc: Counsel of record (via ECF)