

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

EJOYCE@SIDLEY.COM
+1 212 839 8555

AMERICA  •  ASIA PACIFIC  •  EUROPE

July 2, 2019

**Submitted Via ECF**

Judge Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:   *Kurtz v. Kimberly-Clark Corp., et al.*, No. 1:14-cv-1142-JBW-RML: Supplement to
           Kimberly-Clark's Disclosure Regarding Australia Inquiry

Dear Judge Weinstein:

     I write on behalf of Kimberly-Clark Corp. ("Kimberly-Clark") pursuant to the Court's order of October 13, 2016 (Doc. 252), which requested notification of other cases and proceedings involving flushable wipes.  Specifically, I write to notify the Court that following a lengthy trial of claims brought by the Australian Competition and Consumer Commission ("ACCC") regarding Kimberly-Clark Australia's flushability marketing, on June 28, 2019, the Federal Court of Australia comprehensively rejected the ACCC's claims that Kimberly-Clark's "flushable" representations were false, misleading, or deceptive.  *See, e.g.*, *ACCC v. Kimberly-Clark Australia Pty. Ltd.*, [2019] FCA 992 ¶¶ 16, 327-28 (Fed. Ct. of Australia June 28, 2019) ("Order") (attached as Ex. A).[1]  In its letter to this Court of November 7, 2016, Kimberly-Clark previously disclosed the ACCC's then-inquiry.  Doc. 254 at 4 n.3.[2]

---

[1] In the Australia litigation, Kimberly-Clark Australia's flushable wipe formulation at issue lost strength more slowly and broke down—*i.e.*, dispersed—more slowly than the formulations of Kimberly-Clark's flushable wipes sold in the United States.  *See, e.g.*, Order ¶ 154(4).  Since the ACCC brought suit, Kimberly-Clark Australia has begun selling flushable wipes with the United States formulation, which are manufactured by Kimberly-Clark in the United States.

[2] That letter addressed a range of cases and inquiries in response to this Court's scheduling order. Since then, both of the California consumer litigations noted in that letter have been voluntarily dismissed with prejudice (and without any classes being approved), the municipality plaintiff in the *City of Perry* (S.D.N.Y.) case voluntarily dismissed its action with prejudice having found no link between Kimberly-Clark's flushable wipes and the harms about which it complained, and the municipality plaintiffs in *City of Wyoming* (D. Minn.) unilaterally withdrew with prejudice their fully-briefed motion for class certification against Kimberly-Clark and its co-defendant.

SIDLEY AUSTIN (NY) LLP IS A DELAWARE LIMITED LIABILITY PARTNERSHIP DOING BUSINESS AS SIDLEY AUSTIN LLP AND PRACTICING IN AFFILIATION WITH OTHER
SIDLEY AUSTIN PARTNERSHIPS.

# SIDLEY

Page 2

The Federal Court of Australia found that "despite the millions of packets of [Kimberly-Clark Australia's flushable] wipes sold in the relevant period, there was no evidence from any other consumer or plumber [other than 28 consumer complaints] of a household system blockage attributed to [Kimberly-Clark Australia's flushable] wipes." Order ¶ 9. It concluded that in household systems, Kimberly-Clark Australia's flushable wipes do not present a "risk of harm over and above the risk posed by toilet paper." *Id.* ¶ 296; *see also id.* ¶ 297 ("Concerning the municipal wastewater systems, . . . I do not accept that the characteristics of [Kimberly-Clark Australia's flushable] wipes . . . presented a risk of harm materially greater than the risk posed by toilet paper.").

Furthermore, applying a reasonable consumer test similar to that applicable here, *see id.* ¶¶ 288-89, the court found that a reasonable consumer would *not* believe that a wipe labeled as flushable means that it would disperse and behave similar to toilet paper. *Id.* ¶¶ 10, 260, 264-67. *See also id.* ¶¶ 291 (explaining ACCC's theories, including that "the 'flushability' representation was false and misleading" because Kimberly-Clark Australia's flushable wipes "did not have similar characteristics to toilet paper when flushed" and "did not sufficiently break up or disintegrate in a timeframe and manner similar to toilet paper"); *id.* ¶¶ 170, 260-63, 268 (similar). Instead, the court concluded that the "flushability" representation simply means to a reasonable consumer that the flushable wipes "were suitable to be flushed without causing problems to the ordinary operation of household and municipal wastewater systems." *Id.* ¶¶ 274-75. The court found that Kimberly-Clark Australia's flushable wipes satisfied that definition. *Id.* ¶¶ 10-13, 304-09, 327.[3]

---

Oral arguments on summary judgment on plaintiffs' individual claims in *City of Wyoming* were heard in June 2019.

[3] As the court detailed: "There was some evidence that [Kimberly-Clark Australia's flushable] wipes have caused harm to household sewerage systems in the form of blockages. . . .   The phenomenon of sewerage blockages pre-dates the invention of the wipe. The evidence showed that sewerage blockages have many causes, not limited to the disposal of 'non-flushable' items into toilets. Accordingly, it is not self-evident that a wipe designed to be flushed down the toilet is not suitable for flushing because it has caused or contributed to a sewerage blockage on one or more occasions. *Nor is it self-evident that such a wipe is not suitable for flushing because it does not share relevant characteristics of toilet paper."* Order ¶¶ 9-10 (emphasis added). Moreover, it stated: "On balance, I am not satisfied that toilet paper breaks up or disintegrates in moving water within a period of a few minutes. Having regard to the evidence pointed to by [Kimberly-Clark Australia], I accept that the suitability of toilet paper for flushing into the Australian sewerage system does not depend upon an ability to break up or disintegrate in moving water within a period of a few minutes." *Id.* ¶ 307; *see id.* ¶ 308 (rejecting ACCC's claims, notwithstanding that the court "accept[ed] that the [Kimberly-Clark Australia flushable] wipes did not break up or disintegrate in moving water as quickly or as easily as toilet paper").

# SIDLEY

Page 3

     Finally, the court rejected the ACCC's criticisms of the industry guidelines (INDA GD3), which Kimberly-Clark has relied on in labeling its wipes as "flushable." The ACCC's criticisms mirror those leveled by Plaintiff in this litigation. *See id.* ¶¶ 227-256. The court found that the INDA GD3 Guidelines were a "reasonable test of flushability," *id.* ¶ 252, a "reasonable benchmark for making a claim of flushability," *id.* ¶ 326, and "represent a conscientious and scientific effort to establish an appropriate framework for assessing flushability," *id.* ¶ 256; *see also id.* ¶ 325. With respect to the ACCC's claims that "the characteristic of being 'easily dispersible' was fundamental to a product" labeled as flushable, the court found "[i]n order to be meaningful, the test of 'easily dispersible' requires definition. To the extent that it refers to the behavior of toilet paper, it begs the question whether a product that has inferior properties of break up and disintegration to toilet paper might nevertheless not present any materially greater risk of harm than toilet paper." *Id.* ¶¶ 253, 255. And it found that the evidence did not support the view "that if a wipe takes longer than 30 minutes to break up," it is not flushable. *Id.* ¶ 254; *see also id.* ¶¶ 237-40 (explaining that UK regulators have required products to break up in testing within three hours, and concluding "there is no bright line which separates the flushable from the unflushable (assuming that the product is designed and marketed by the manufacturer to be flushed)"); *id.* ¶¶ 304-08 (summarizing evidence on dispersibility).

Respectfully submitted,

/s/ *Eamon P. Joyce*
Eamon P. Joyce

*Counsel for Defendant Kimberly-Clark Corp.*

Cc:    All counsel of record