WOLF
POPPER
LLP

845 Third Avenue
New York, NY 10022
(212) 759-4600

NEW YORK
PUERTO RICO
TEXAS
ILLINOIS

wolfpopper.com

DIRECT DIAL:  (212) 451-9606
EMAIL:  llevy@wolfpopper.com

July 31, 2019

**VIA ECF**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:    *Belfiore v. The Procter & Gamble Co., No. 1:14-cv-4090-JBW-RML*
       *Kurtz v. Kimberly-Clark Corp., et al., No. 1:14-cv-1142-JBW-RML*

Dear Judge Weinstein:

We write in advance of next weeks' joint evidentiary hearing in the above-captioned actions, which is scheduled to take place on August 6, 7, and 8, 2019.  To ensure the hearing proceeds in the most efficient manner, the parties have endeavored to meet and confer and to provide the Court with proposed schedules for the presentment of testimony by the parties' respective expert and fact witnesses.  The parties propose the following schedules, respectively, and ask the Court to inform them which, if any, the Court would prefer.

**Position of Plaintiff in *Belfiore***

There are two separate actions before the Court – the *Belfiore* action and the *Kurtz* action.  This has been recognized by the Court of Appeals, which had the cases briefed separately and held oral argument separately.  These two cases have, among other things, different:  classes, defendants, motions, defense experts, and expert reports.  There are also differences in the facts and data as such relate to each case and, to some extent, to each individual defendant.  To address the specifics of each case, we propose the following schedule for next weeks' evidentiary hearing:

*First*, the Court will hear testimony in the *Belfiore* action.  This will consist of the testimony of Plaintiff Belfiore's expert witness (Colin Weir), subject to cross-examination by counsel for Defendant The Procter & Gamble Company ("P&G"), followed by the testimony of P&G's expert witness (Carol Scott), subject to cross-examination by counsel for Plaintiff Belfiore, and rebuttal by Plaintiff Belfiore's expert, if any.

*Second*, once testimony in the *Belfiore* action is complete, testimony will occur in the *Kurtz* action.  Plaintiff Kurtz's expert witness (also Colin Weir) will testify as to the unique aspects of his expert reports in the *Kurtz* action, relying to the greatest extent possible on his testimony in the *Belfiore* action (on such topics as his background, hedonic regression model, the willingness of various courts to adopt his models for determining class-wide damages, etc.) to avoid duplication, and will be cross-examined by counsel for Defendants Kimberly-Clark Corporation ("K-C") and Costco Wholesale Corporation ("Costco").  Thereafter, Defendant K-C will offer testimony of its fact

Wolf Popper LLP                                    NEW YORK  /  PUERTO RICO  /  TEXAS  /  ILLINOIS  /  WOLFPOPPER.COM

The Honorable Jack B. Weinstein
July 31, 2019
Page 2

witness, subject to cross-examination by counsel for Plaintiff Kurtz, followed by the testimony of its expert witness (Keith R. Ugone), subject to cross-examination by counsel for Plaintiff Kurtz. Defendant Costco will then offer the testimony of its expert witness (Denise N. Martin), subject to cross-examination by counsel for Plaintiff Kurtz.

*Third*, after all defense witnesses have testified in *Kurtz*, Mr. Weir will be available to provide additional rebuttal testimony, if necessary.

The defendants' proposal below ignores that these cases are on remand from the Court of Appeals, where they were treated as two separate cases. The defendants' desire to mix up these two cases prejudices the *Belfiore* action.

Plaintiff Belfiore's proposal wraps up the *Belfiore* hearing neatly and quickly with one direct testimony, one cross, and one rebuttal, if any. The *Belfiore* case will likely be completed in one day. There will be no need to wait three days to wrap up the *Belfiore* aspect of the hearing.

Under the defendants' proposal, Mr. Weir would be on the stand interminably discussing two cases, three different defendants, many different products, three separate reports, etc., and would then face successive cross examination by three different sets of attorneys in two separate cases. Mr. Weir would also have to discuss the defendants' three different expert reports in two separate cases before those experts take the stand. He would then have to return to the stand to rebut their testimony in two separate cases. This method of proceeding is highly prejudicial to the plaintiffs in both actions.

This court should follow the lead of the Court of Appeals and have the two cases proceed separately.

**Position of Plaintiff in *Kurtz***

Plaintiff in the *Kurtz* action agrees with the position set forth above by Plaintiff Belfiore. Defendants' proposal would require Mr. Weir to provide testimony for potentially three to four times longer than any witness and to be on the stand for a up to a day-and-a-half straight, before any other witnesses provide testimony. In addition to preparing testimony on his three reports in the *Kurtz* and *Belfiore* actions, beginning today, Mr. Weir is reviewing and preparing testimony responsive to supplemental reports of Drs. Martin and Ugone received by Plaintiff Kurtz late yesterday evening and the underlying documents supporting defendants' positions are being produced as this letter is filed. This preparation is in addition to Mr. Weir's review and preparation of testimony responsive to the report of P&G's expert, Carol Scott, which was received July 26, 2019. Accordingly, Plaintiff Kurtz believes the most practical and efficient way to proceed is under the schedule set forth by Plaintiff *Belfiore* above, which will assist the Court in assessing each of the cases individually in the most efficient and least burdensome manner.

**Position of Defendants**

Mr. Weir should testify once, on Tuesday, August 6, 2019, with all three Defendants cross-examining Mr. Weir after Plaintiffs' direct examinations regarding Mr. Weir's three new reports in *Kurtz* and *Belfiore*. In those reports, Mr. Weir applies the same "hedonic regression" methodology

Wolf Popper LLP                                                    NEW YORK  /  PUERTO RICO  /  TEXAS  /  ILLINOIS  /  WOLFPOPPER.COM

The Honorable Jack B. Weinstein
July 31, 2019
Page 3

to each of three different Defendants' different products. After Mr. Weir's examination is complete, Defendants have agreed that Kimberly-Clark's fact witness and expert witness would testify,[1] followed by Procter & Gamble's and Costco's expert witnesses. This would mirror this Court's consistent approach to taking evidence at the combined *Kurtz/Belfiore* hearings. Moreover, it would be the most efficient way to proceed, and would prevent prejudice to Defendants.

Plaintiffs' proposal to allow Mr. Weir to testify two (or even three) separate times over two or three separate days would be extremely inefficient and threaten the ability of the parties to complete the hearing within the three days allotted. After any break in proceedings, some efficiencies are inevitably lost as counsel, witnesses, and the court attempt to reorient and take-up where they left off. Those inefficiencies would only be compounded through Mr. Weir testifying in phases across days, especially given that he easily could explain his hedonic regression methodology once and then immediately explain how he believes it applies to the three Defendants' different products. In short, Plaintiffs' proposal would lead to rehashing Mr. Weir's testimony over the length of the hearing, and it would require counsel and the Court to repeatedly reorient themselves when Mr. Weir's direct examinations begin anew.

Additionally, Plaintiffs' proposed format would further prejudice Defendants by allowing Plaintiffs to re-prepare and "rehabilitate" Mr. Weir. Under Plaintiffs' proposal, Mr. Weir would have the opportunity to provide modified answers two or three times to questions that may be applicable to his opinions regarding all three Defendants. It is far more fair to Defendants for Mr. Weir to testify once, followed by testimony from all of Defendants' witnesses.[2]

Accordingly, in the interest of efficiency and fairness, each witness should testify once in the manner described above.

---

[1]      Kimberly-Clark's fact witness has scheduling limitations that prevent him from attending the hearing on August 8, 2019.

[2]      As described above, Defendants maintain that the evidentiary hearing should proceed in an orderly fashion, with testimony elicited from each witness sequentially through direct and cross examination, followed by each subsequent witness. However, to the extent the Court intends to invite a "colloquy" between experts, 6/18/2019 Hr'g Tr. at 34-35, Plaintiffs' proposal is even *more* prejudicial and untenable because it would force Kimberly-Clark's and Costco's experts (Drs. Ugone and Martin) to respond to Plaintiffs' expert *before* he has even provided testimony about the reports reviewed and considered by Drs. Ugone and Martin. (Neither Dr. Ugone nor Dr. Martin reviewed or considered Mr. Weir's reports submitted in *Belfiore*.) They could not meaningfully do so, and forcing them to undertake this burden would effectively require Defendants' rebuttal experts to be called out of turn as affirmative witnesses.

Wolf Popper LLP                    NEW YORK  /  PUERTO RICO  /  TEXAS  /  ILLINOIS  /  WOLFPOPPER.COM

The Honorable Jack B. Weinstein
July 31, 2019
Page 4

Respectfully Submitted,

/s/ Lester L. Levy
_____

Lester L. Levy
*Counsel for Plaintiff Anthony Belfiore*

/s/ Mark S. Reich
_____

Mark S. Reich
*Counsel for Plaintiff D. Joseph Kurtz*

/s/ Harold P. Weinberger
_____

Harold P. Weinberger
*Counsel for Defendant The Procter & Gamble Company*

/s/ Eamon Joyce
_____

Eamon Joyce
*Counsel for Defendant Kimberly-Clark Corporation*

/s/ Adam Hunt
_____

Adam Hunt
*Counsel for Defendant Costco Wholesale Corporation*

cc:      All Counsel of Record (via ECF)