UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY BELFIORE, on behalf of himself and all others similarly situated,

     Plaintiff,

 - against -

THE PROCTER & GAMBLE COMPANY,

     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No.  14-cv-4090 (JBW)

**DEFENDANT THE PROCTER & GAMBLE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DECERTIFY THE CLASSES**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................ ii
PRELIMINARY STATEMENT .................................................................................................... 1
ARGUMENT .................................................................................................................................. 2
    I.    The Court Has Jurisdiction to Decide P&G's Motion ....................................................... 3
    II.    Plaintiff Misdirects the Court from the Fact that Due Process Precludes Excessive Statutory Damages .......................................................................................................... 4
        1.    *Shady Grove* is Irrelevant to the Due Process Question ................................. 4
        2.    Mr. Weir's Report is "Actual Evidence" that Statutory Damages are Not Recoverable Consistent with Due Process ................................................................. 5
        3.    There is No "Deep Pocket" Exception to Constitutional Due Process ......................... 6
    III.    Plaintiff's Opposition Demonstrates that Plaintiff is Inadequate ..................................... 7
    IV.    Plaintiff's Opposition Supports Decertification of the Rule 23(b)(2) Injunctive Relief Class ................................................................................................................................ 8
CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amara v. CIGNA Corp.*,
    775 F.3d 510 (2d Cir. 2014) ...................................................................................... 3, 3 n.2

*Coopers & Lybrand v. Livesay*,
    437 U.S. 463 (1978) ............................................................................................................ 3

*In re Farmers Insurance Company, F.C.R.A Litigation*,
    2006 U.S. Dist. LEXIS 27290 (W.D. Okla. Apr. 13, 2006) ............................................. 6 n.4

*In re Hornbeam Corp*,
    2017 U.S. Dist. LEXIS 128940 (S.D.N.Y. Aug. 14, 2017) ............................................... 3 n.3

*J.S. v. Attica Central Schools*,
    2011 WL 4498369 (W.D.N.Y. Sept. 27, 2011) ................................................................... 3

*Mazzei v. Money Store*,
    829 F.3d 260 (2d Cir. 2016) ................................................................................................ 2

*Murray v. GMAC Mortgage Corporation*,
    434 F.3d 948, 954 (7th Cir. 2006) .................................................................................. 6 n.4

*Monaco v. Hogan*,
    2016 WL 1322431 (E.D.N.Y. Mar. 31, 2016), *aff'd sub nom. Monaco v. Sullivan*, 737 F. App'x 6 (2d Cir. 2018) ............................................................................. 2

*Parker v. Time Warner Entm't Co.*,
    331 F.3d 13 (2d Cir. 2003) ......................................................................................... 4, 5, 6

*Rand v. Monsanto Co.*,
    926 F.2d 596 (7th Cir. 1991) .............................................................................................. 7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
    559 U.S. 393 (2010) ....................................................................................................... 1, 4

*State Farm Mut. Auto. Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ............................................................................................................ 6

*In re Scotts EZ Seed Litigation*,
    2017 U.S. Dist. LEXIS 125621 (S.D.N.Y. Aug. 8, 2017) ................................................ 6 n.4

*In re Toys "R" US - Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litigation*,
    300 F.R.D. 347 (C.D. Cal. 2013) .................................................................................... 6 n.4

*UFCW Local 1776 v. Eli Lilly & Co.*,
   620 F.3d 121 (2d Cir. 2010)..................................................................................................5

*In re Worldcom Inc. Securities Litigation*,
   219 F.R.D. 267 (S.D.N.Y. 2003) ........................................................................................6 n.4

*Winkler v. NRD Mining, Ltd.*,
   1991 U.S. Dist. LEXIS 5420 (E.D.N.Y. Apr. 16, 1991) ......................................................7 n.5

*In re Zyprexa Prods. Liab. Litig.*,
   671 F. Supp. 2d 397 (E.D.N.Y. 2009) ..................................................................................4

**Statutes & Rules**

Fed. R. Civ. P. 23............................................................................................................... *passim*

Fed. R. Civ. P. 68................................................................................................................8 n.7

Fed. R. of Evid. 408 ............................................................................................................8 n.7

P&G submits this reply memorandum of law in further support of its motion to decertify all New York classes or, in the alternative, to decertify the Rule 23(b)(2) class.[1]

## PRELIMINARY STATEMENT

To avoid the fact that he deprived New York class members relief under the 49-State Settlement in order to pursue unrecoverable damages, Plaintiff's opposition confuses the issues and fails to meaningfully address P&G's arguments in favor of decertification.

Plaintiff does not dispute that the statutory damages he seeks are grossly disproportionate to any actual injury allegedly suffered by New York class members. Nor does Plaintiff dispute that courts may deem excessive damages unrecoverable on due process grounds, or that pursuit of untenable damages theories may render a class representative inadequate.

Instead, Plaintiff misdirects the Court to meritless arguments that are not germane to the issues before it. First, Plaintiff suggests that the instant motion "interferes" with resolution of the predominance issues specified in the Second Circuit's mandate, but ignores that these separate questions can be answered concurrently. Second, in opposing P&G's due process argument, Plaintiff relies heavily on the Supreme Court's decision in *Shady Grove*, which did not address this issue. Third, Plaintiff's claim that excessive damages may be reduced only after trial misapprehends both the law in the Second Circuit and P&G's argument. Moreover, his claim that rejection of a garden variety settlement offer cannot render a class representative inadequate ignores the unique circumstances of this case and P&G's argument that Plaintiff is inadequate because he rejected a comprehensive settlement deemed "fair, reasonable and adequate" by a federal judge in order to pursue unrecoverable damages. Fourth, Plaintiff asserts that due process

---

[1] Defined terms in this brief have the same meaning as in P&G's Memorandum of Law in Support of Its Motion to Decertify the Classes, dated July 8, 2019 ("P&G Br."). Citations to "Pl. Br." refer to Plaintiff's Memorandum of Law dated July 31, 2019.

protections do not apply to successful large corporations like P&G, but offers no support for this extraordinary claim.

As to the injunctive class, Plaintiff does not dispute that his pursuit of enormous monetary damages is more than merely incidental to his claim for injunctive relief, or that under such circumstances class certification is improper under Rule 23(b)(2). Plaintiff's complaint that the 49-State Settlement did not confer the full injunctive relief he seeks at trial ignores the purpose of a settlement (namely, compromise), and, moreover, ignores this Court's view that contextualizing language agreed to in the 49-State Settlement is appropriate injunctive relief for New York consumers.

For these reasons and those set forth in P&G's moving brief, the New York classes should be decertified in their entirety. In the alternative, the Rule 23(b)(2) injunctive relief class should be decertified.

## **ARGUMENT**

Plaintiff claims P&G has not met the "heavy burden" of demonstrating a significant intervening event or other compelling reason to justify decertification. Pl. Br. 3–4. But it is Plaintiff, not P&G, that bears the burden of showing continued compliance with the requirements of Rule 23. *Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016) ("In opposing the decertification motion, [plaintiff] Mazzei retained the burden to demonstrate that these [Rule 23] requirements were satisfied."); *see also Monaco v. Hogan*, 2016 WL 1322431, at *1–2 (E.D.N.Y. Mar. 31, 2016) ("In considering the appropriateness of decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met.") (citations omitted), *aff'd sub nom. Monaco v. Sullivan*, 737 F. App'x 6 (2d Cir. 2018). The only cases Plaintiff cites to the contrary predate the Second Circuit's decision in *Mazzei*, and therefore are not controlling. Pl. Br. 3–4.

In any event, as made clear in P&G's opening brief, there have been two significant intervening events since the Court's March 27, 2017 decision granting Plaintiff's motion for class certification. We address here Plaintiff's refusal to participate in the 49-State Settlement, leaving the discussion of the FTC's August 29, 2017 letter to our initial brief. *See* P&G Br. 3–5.

## I. The Court Has Jurisdiction to Decide P&G's Motion

Because class certification is "inherently tentative," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978), a district court must "reassess" certification "as the case develops" in order "to ensure continued compliance with Rule 23's requirements." *Amara v. CIGNA Corp.*, 775 F.3d 510, 520 (2d Cir. 2014) (internal quotation marks and citations omitted). "[A] district court that has certified a class under Rule 23 can always alter, or indeed revoke, class certification *at any time* before final judgment is entered should a change in circumstances render a class action no longer appropriate." *J.S. v. Attica Central Schools*, 2011 WL 4498369, at *4 (W.D.N.Y. Sept. 27, 2011) (emphasis added) (internal quotations and citations omitted).[2]

Plaintiff does not—and cannot—argue that the Second Circuit's mandate prevents the Court from deciding the instant motion. *See* ECF No. 274 ("Mandate"). On the contrary, Plaintiff admits that the Court currently has jurisdiction to rule on this motion. Pl. Br. 5. Although Plaintiff argues that deciding P&G's motion will "interfere[] with the prompt resolution" of the predominance issue (Pl. Br. 4–5), Plaintiff cites no case holding that the Court would be barred from hearing and deciding P&G's motion while the Mandate is pending, and no case so holds.[3]

---

[2] Because the Court must continue to reassess the propriety of class certification, plaintiff's arguments regarding the Court's prior order on Plaintiffs' and class counsel's adequacy are not germane here, particularly in light of the significant developments since the Court's decision. *See Amara*, 775 F.3d at 520.

[3] *In re Hornbeam Corp.* held simply that federal district and appeals courts should not attempt to exercise jurisdiction over a case simultaneously. 2017 U.S. Dist. LEXIS 128940, at *2–3 (S.D.N.Y. Aug. 14, 2017). According to the Mandate, jurisdiction will

## II. Plaintiff Misdirects the Court from the Fact that Due Process Precludes Excessive Statutory Damages

### 1. *Shady Grove* is Irrelevant to the Due Process Question

Plaintiff misdirects the Court's attention to the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), and attempts to distinguish the cases cited in P&G's moving brief by arguing that they were decided prior to *Shady Grove* (Pl. Br. 10). P&G does not dispute that a plaintiff may maintain a putative class action in federal court seeking statutory damages under the New York law at issue here as *Shady Grove* holds. *See* P&G Br. 6–7 (citing *Shady Grove*). But the issue here is due process, and once the record shows, as it does here, that such statutory damages would be "out of all reasonable proportion to the actual harm suffered by members of the plaintiff class," a court may determine that those damages violate a defendant's right to due process and are not recoverable. *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 22 (2d Cir. 2003). *Shady Grove* did not address this issue and has no bearing on this conclusion.

Plaintiff does not dispute that P&G's cases were correctly decided, or that the statutory damages Plaintiff seeks here are excessive compared to his claimed actual damages. In *In re Zyprexa Products Liability Litigation*, for example, Plaintiff does not dispute that this Court found the statutory penalties at issue there "grossly disproportionate" and therefore unrecoverable. 671 F. Supp. 2d 397, 463 (E.D.N.Y. 2009). Plaintiff asserts that the Court's prior decision certifying the classes in this case found that Plaintiff's claims were "not barred by [*Zyprexa*]" (Pl. Br. 10 (citing ECF No. 252 at 20)). But the *Zyprexa* opinion cited in P&G's moving brief (671 F. Supp. 2d 397 (E.D.N.Y. 2009)) is from a completely different case than the *Zyprexa* decision

---

only be restored to the Second Circuit upon notice given within 30 days of entry of the Court's decision on the predominance issue. Mandate at 4; *see also* Pl. Br. 5.

referenced in the Court's opinion (*UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 133 (2d Cir. 2010)), which did not address due process.

### 2. Mr. Weir's Report is "Actual Evidence" that Statutory Damages are Not Recoverable Consistent with Due Process

As noted, Plaintiff does not dispute that a court may deem excessive statutory damages not recoverable as a consequence of due process. Pl. Br. 9 (admitting that "the court may consider lowering the amount" of damages). Plaintiff nevertheless misreads *Parker* as holding that such due process determinations must invariably wait until after a full trial. Pl. Br. 8 (citing *Parker*, 331 F.3d at 21). *Parker* held that a court may address these due process concerns as soon as it has "actual evidence . . . that raises a reasonable possibility that principles of due process may restrict an ultimate damages award," and nowhere suggests that such evidence is only available after trial. 331 F.3d at 22; *see also id.* at 29 (Newman, J., concurring) ("A district court considering whether to adjust the tension between a substantial aggregation of statutory damages and the virtues of a class action by limiting the size of the awards . . . should make its damages ruling in the context of deciding the class certification issue, after making at least a preliminary decision as to the size of the class being considered for certification.").

Here, the Court already has "actual evidence" that Plaintiff seeks grossly excessive damages inconsistent with due process. *Id.* at 22. On July 9, 2019, Plaintiff's "expert," Colin Weir, submitted a report purporting to prove that New York class members paid a premium of 7.95% per package. *See* ECF No. 295-1 at 18. P&G disputes Mr. Weir's method and conclusions, but, if accepted by this Court, his analysis results in an alleged premium of approximately $0.37 per package, given the average price per package of $4.67. *See* Declaration of Carol A. Scott, Ph.D. ("Scott Decl.") at ¶¶ 5–7. Since 2,258,139 packages of product were sold in New York during the class period, the total actual damages to the class, if Plaintiff prevails, is $838,085. *See*

Scott Decl. at ¶ 7. But Plaintiff seeks statutory damages of $50 per package (*see* Pl. Br. 2–3; Tr. 13:25–14:1; ECF No. 295-1 at 19), which would amount to more than $112,900,000 among New York consumers. *See* Scott Decl. ¶ 9; Pl. Br. 2; Tr. 7:2–4. This ratio of statutory damages to actual damages (135:1) is indisputably "out of all reasonable proportion to the actual harm suffered" and therefore cannot be recovered consistent with due process. *See Parker*, 331 F.3d at 22; *cf. State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (damages awards exceeding single-digit ratio between punitive and compensatory damages are grossly excessive).[4]

### 3. There is No "Deep Pocket" Exception to Constitutional Due Process

Plaintiff asks the Court to ignore the disproportionate nature of the statutory damages he seeks and find that due process does not apply to P&G simply because of its large market capitalization. *See, e.g.*, Pl. Br. 1–2; *id.* 9. But Plaintiff provides no support for the novel proposition that a company's success deprives it of constitutional due process protections. To the contrary, permitting plaintiffs to recover statutory damages so grossly disproportionate to any actual injury would allow plaintiffs to induce inequitable settlements, which is precisely the harm that the Second Circuit warned of in *Parker*. 331 F.3d at 22.

---

[4] The cases Plaintiff cites to in an attempt to justify circumventing due process are all distinguishable from the unique facts of this case and provide no support for Plaintiff's position. *Murray v. GMAC Mortgage Corporation* did not involve a challenge to plaintiff's adequacy. 434 F.3d 948, 954 (7th Cir. 2006). *In re Scotts EZ Seed Litigation* likewise did not address issues of adequacy, and moreover did not involve a rejected class settlement. 2017 U.S. Dist. LEXIS 125621, at *17–18 (S.D.N.Y. Aug. 8, 2017). *In re Worldcom Inc. Securities Litigation* did not involve excessive statutory damages. 219 F.R.D. 267, 305–06 (S.D.N.Y. 2003). In *In re Farmers Insurance Company, F.C.R.A Litigation*, the court addressed only a superiority argument, not an argument based on adequacy. 2006 U.S. Dist. LEXIS 27290, at *45–46 (W.D. Okla. Apr. 13, 2006). And in *In re Toys "R" US - Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litigation*, defendant raised the issue of excessive damages only in the context of superiority, not adequacy. 300 F.R.D. 347 (C.D. Cal. 2013).

### III. Plaintiff's Opposition Demonstrates that Plaintiff is Inadequate

Plaintiff does not dispute that a class representative may be deemed inadequate under Rule 23(a)(4) where, as here, his claim is founded on "a fantastic belief about damages." *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991). Nor does Plaintiff dispute that a class representative is inadequate where, as here, he engages in fractious behavior or pursues untenable damages theories. *See id.* at 599 (class representative inadequate where his "litigation is founded on a fantastic belief about damages"). Plaintiff's refusal to participate in a judicially-approved settlement in order to pursue an unrecoverable windfall in the form of statutory damages renders him an inadequate class representative. P&G Br. 9–11. In his opposition, Plaintiff fails entirely to address the unique circumstances of this case warranting decertification, misconstruing the relevant case law. For the reasons below, each of Plaintiff's arguments fails.

Contrary to Plaintiff's assertion, P&G does not claim that every plaintiff who rejects a settlement offer is an inadequate class representative. Plaintiff here did not simply reject a settlement offer. Rather, Plaintiff refused to participate in an otherwise nationwide settlement that was deemed "fair, reasonable and adequate" by another federal judge (Weinberger Decl. Exh. C ¶ 18), in order to pursue excessive damages that he cannot recover consistent with due process.[5] Plaintiff's pursuit of this legally-foreclosed windfall does a disservice to the class, and stands in the way of New York consumers' participation in a robust and fair settlement that covers a longer period and provides real monetary relief.[6] It is this unique combination of facts—not

---

[5] *Winkler v. NRD Mining, Ltd.* is not to the contrary, as that case did not involve an otherwise nationwide settlement approved by a federal judge as "fair, reasonable and adequate." 1991 U.S. Dist. LEXIS 5420, at *6–9 (E.D.N.Y. Apr. 16, 1991).

[6] As to the time period covered by the class here, Plaintiff claims that the Court will later extend the class period. Pl. Br. 8 n.8. However, this is mere speculation.

merely the rejection of any settlement offer—that renders Plaintiff an inadequate class representative.[7]

Plaintiff also argues that because defendants have an interest in successfully defending against class actions, they can never credibly challenge a plaintiff's compliance with the adequacy requirement of Rule 23(a)(4). Pl. Br. 6–7. Plaintiff is essentially urging the Court to give class representatives and class counsel free reign to engage in all manner of activities harmful to the broader class. This extraordinary argument has no logical or competent legal basis. And while Plaintiff maintains that defendants raising adequacy challenges in fact seek "***no*** representation and ***no class-wide recovery***" (Pl. Br. 6 (emphasis in original)), this assertion rings hollow. Here, it is Plaintiff, not P&G, who has prevented New York consumers from receiving a class-wide recovery under the 49-State Settlement.

### IV. Plaintiff's Opposition Supports Decertification of the Rule 23(b)(2) Injunctive Relief Class

Plaintiff does not dispute that his pursuit of monetary damages is more than merely incidental to a claim for injunctive relief. *See* P&G Br. 11–12. Nor does he (or can he) dispute that certification under Rule 23(b)(2) is improper in such cases. *See id*. (and cases cited therein). Indeed, Plaintiff fails to grapple with Defendant's cases or cite any of his own. Pl. Br. 13. To the contrary, his opposition makes clear that he refused to participate in the 49-State Settlement primarily to seek a monetary windfall, rather than injunctive relief. *See id.* 2–3 (arguing that the

---

[7] Contrary to Plaintiff's suggestion, Rule 68 does not bar admission of evidence of unaccepted settlement offers. *See* Pl. Br. 6. Rule 68 applies only to offers of judgment, not offers of settlement, and is therefore not germane. Rule 408 of the Federal Rules of Evidence is likewise inapposite here. *See* Pl. Br. 6 (citing Fed. R. Evid. 408). Rule 408 prohibits the use of evidence of settlement offers and negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Fed. R. Evid. 408. P&G does not use evidence of the 49-State Settlement for any of these prohibited purposes and Plaintiff does not claim otherwise.

significant monetary relief provided by the 49-State Settlement was "not an acceptable outcome" because Plaintiff seeks a recovery of $50 per package); *id*. 9 (urging the Court to ignore due process so that Plaintiff may seek statutory damages). For this reason alone, P&G's motion to decertify the injunctive relief class should be granted.

Plaintiff's argument that the 49-State Settlement was insufficient because it did not provide the full injunctive relief he seeks at trial (removal of the challenged claims), is unpersuasive. *Id.* 13. Plaintiff ignores the fact that this Court has repeatedly identified the contextualizing language agreed to in the 49-State Settlement as appropriate injunctive relief for New York consumers. *See* P&G Br. at 13 (citing Weinberger Decl. Exh. E at 22:16–23 ("[T]he easiest way to settle this . . . is through the injunction without damages and just put in a plain forthright statement which would be, . . . . Flush after putting one in the toilet and make sure your toilets are in good shape?"); Weinberger Decl. Exh. F at 54:4–5 (suggesting that settlement could require product packaging to provide "a further warning . . . not to use it if the plumbing facilities are not in good order")). Indeed, the Court reaffirmed the fairness of this relief last week. *See* Reply Declaration of Harold P. Weinberger, dated August 12, 2019 Exh. A at 228:8–15 (the 49-State Settlement "essentially [meets] the claims of the plaintiff" here); *id*. Exh. B at 232:8–16 (the 49-State Settlement is "comprehensive").

## **CONCLUSION**

For the foregoing reasons and for the reasons set forth in its moving brief, P&G respectfully requests that the Court grant its motion to decertify the New York classes in their entirety or, in the alternative, to decertify the 23(b)(2) injunctive relief class.

| | |
|---|---|
| Dated: New York, New York<br>August 12, 2019 | Respectfully submitted,<br><br>By:  /s/ Harold P. Weinberger<br>Harold P. Weinberger<br>Eileen M. Patt<br>**KRAMER LEVIN NAFTALIS & FRANKEL LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036<br>Phone: 212-715-9100<br>Fax: 212-715-800<br><br>Cortlin H. Lannin<br>**COVINGTON & BURLING LLP**<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Phone: 415-591-6000<br>Fax: 415-591-6091<br><br>*Attorneys for Defendant The Procter & Gamble Company* |