# **EXHIBIT B**

KeyCite Yellow Flag - Negative Treatment

Distinguished by In re Trader Joe's Tuna Litigation, C.D.Cal., October 3, 2017

660 Fed.Appx. 531
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 9th Cir. Rule 36-3.
United States Court of Appeals, Ninth Circuit.

Chad BRAZIL, individually and on behalf of all
others similarly situated, Plaintiff–Appellant,
v.
DOLE PACKAGED FOODS,
LLC, Defendant–Appellee.

No. 14-17480
|
Argued and Submitted September
12, 2016 San Francisco, California
|
Filed September 30, 2016

**Synopsis**

**Background:** Consumer brought class action against producer of retail food products, alleging producer deceptively described fruit products as "All Natural Fruit" in violation of California Unfair Competition Law (UCL), California False Advertising Law (FAL), and California Consumer Legal Remedies Act (CLRA). The United States District Court for the Northern District of California, Lucy H. Koh, J., 935 F.Supp.2d 947, granted in part and denied in part producer's motion to dismiss, 2014 WL 5794873, granted in part and denied in part producer's motion to decertify class, and 2014 WL 6901867, granted summary judgment in favor of producer. Consumer appealed.

**Holdings:** The Court of Appeals held that:

genuine issues of material fact existed as to whether labeling was misleading to reasonable consumer;

producer's alleged misrepresentation or deception did not amount to unlawful conduct under UCL; and

class certification was not warranted.

Affirmed in part, reversed in part, and remanded.

**Procedural Posture(s):** On Appeal; Motion to Dismiss; Motion for Summary Judgment.

**Attorneys and Law Firms**

**\*532** Charles F. Barrett, Attorney, Neal & Harwell, Nashville, TN, Colin H. Dunn, Esquire, Attorney, Clifford Law Offices, P.C., Chicago, IL, Ben (Pierce) F. Gore, Pratt & Associates, San Jose, CA, for Plaintiff–Appellant

William L. Stern, Esquire, William Tarantino, Attorney, Claudia Maria Vetesi, Attorney, Morrison & Foerster LLP, San Francisco, CA, for Defendant–Appellee

Jeremy B. Rosen, Horvitz & Levy LLP, Burbank, CA, for Amicus Curiae

Appeal from the United States District Court for the Northern District of California, Lucy H. Koh, District Judge, Presiding, D.C. No. 5:12–cv–01831–LHK

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

MEMORANDUM[*]

Plaintiff Chad Brazil, putatively representing a class of similarly situated consumers, **\*533** alleges that Defendants deceptively described their fruit products as "All Natural Fruit." He appeals the district court's orders on motions to dismiss, for summary judgment, and on class certification. We affirm in part and reverse in part.

The district court's decision not to stay or dismiss this case under the doctrine of primary jurisdiction was not an abuse of discretion. Reiter v. Cooper, 507 U.S. 258, 268–69, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) (explaining that the decision is one of discretion); Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 760–61 (9th Cir. 2015) ("[P]rimary jurisdiction is not required when a referral to the agency

would significantly postpone a ruling that a court is otherwise competent to make.").

But the district court incorrectly granted summary judgment to Dole on the merits of Brazil's claims under the California Unfair Competition Law (UCL), [Cal. Bus. & Prof. Code §§ 17200–17210](), the California False Advertising Law (FAL), *id.* §§ 17500–17509, and the California Consumer Legal Remedies Act (CLRA), [Cal. Civ. Code §§ 1750–1784](). Brazil's claims under each of these statutes are evaluated from the perspective of a reasonable consumer, [*Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)](), that is, "the ordinary consumer acting reasonably under the circumstances," [*Colgan v. Leatherman Tool Grp.*, 135 Cal.App.4th 663, 38 Cal.Rptr.3d 36, 48 (2006)]() (citation and quotation marks omitted). To succeed, Brazil must show Dole's labels would probably have misled "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." [*Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 129 Cal.Rptr.2d 486, 495 (2003)]().

Brazil argues that Dole's labels are deceptive because they describe the packaged fruit as "All Natural Fruit," despite the fact that the products contain synthetic citric and ascorbic acid. He proposed to prove the label is misleading by citing the label itself; his own testimony that he was deceived; Dole's consumer surveys prepared for the litigation; and the federal Food and Drug Administration's informal, non-binding policy on the use of the word "natural" in food labels.

In 1993, the FDA informally defined "natural" to mean "that nothing artificial or synthetic ... has been included in, or has been added to, a food that would not normally be expected to be in the food." Food & Drug Admin., [*Food Labeling: Nutrient Content Claims, General Principles, Petitions, Definition of Terms; Definitions of Nutrient Content Claims for the Fat, Fatty Acid, and Cholesterol Content of Food*, 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993)](). In addition to this informal policy, Brazil cited more recent FDA warning letters to food sellers. These sellers had described their products as "100% Natural" or "All Natural," and the FDA accused those descriptions of being deceptive because the products in question included synthetic citric acid, among other substances. The FDA's letters did not always rely on the limitation that an artificial or synthetic product would "not normally be expected to be in the food"—and, in fact, asserted that foods that naturally contain citric acid (such as tomatoes) may not be labeled "all natural" if synthetic citric acid is added to them.

Taken together, this evidence could allow a trier of fact to conclude that Dole's description of its products as "All Natural Fruit" is misleading to a reasonable consumer. The evidence here—including the conflicting testimony of expert witnesses **\*534** and Dole employees—could also allow a trier of fact to find that the synthetic citric and ascorbic acids in Dole's products were not "natural." Summary judgment was therefore granted in error.

The district court correctly dismissed Brazil's claims for the sale of "illegal products." Brazil argued the sales were illegal under California law because Dole had made deceptive misrepresentations about the fruit on its website, thereby causing the fruit to be mislabeled and "illegal." *See* [Cal. Health & Safety Code §§ 110760](), [110770](). For this reason, he argued the sale was "unlawful" under the UCL, and that he paid for a product that should not have been sold at all. But Brazil did not see the allegedly offending statements before he purchased the fruit.[1] Dole's statements therefore cannot be said to have influenced his purchase, and he cannot state a claim that derives from this theory of misrepresentation. *See* [*Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 120 Cal.Rptr.3d 741, 246 P.3d 877, 888 & n.9 (2011)]() (holding that a plaintiff who alleges claims based on unlawful misrepresentations under the UCL must show she relied on those misrepresentations); [*Durell v. Sharp Healthcare*, 183 Cal.App.4th 1350, 108 Cal.Rptr.3d 682, 693–94 (2010)]() (applying this requirement expressly to claims of "unlawful" conduct under the UCL when those claims are based on an alleged misrepresentation or deception).[2]

Brazil's pleadings could also be interpreted to assert that the allegedly deceptive labels rendered Dole's fruit illegal to sell, to receive, and to possess under California law. In this sense, Brazil seems to be suggesting that Dole's website statements about certain fruit products subject him to risk of fine or prosecution if he is found in possession of that fruit product. We are unable to find support for this outlandish theory in the decisions of the California courts. To the extent Brazil asserted this claim, it was correctly dismissed.

The district court did not err in its class certification decisions. The district court correctly limited damages to the difference between the prices customers paid and the value of the

fruit they bought—in other words, the "price premium" attributable to Dole's "All Natural Fruit" labels. *See In re Vioxx Class Cases*, 180 Cal.App.4th 116, 103 Cal.Rptr.3d 83, 96 (2009) (explaining that restitution is equal to the difference between what the plaintiff paid and the value she received in return). Under these rules, a plaintiff cannot be awarded a full refund unless the product she purchased was worthless. *See In re Tobacco Cases II*, 240 Cal.App.4th 779, 192 Cal.Rptr.3d 881, 895 (2015).

**\*535** Brazil has not proven Dole's products were valueless. Recovery would therefore be limited to the premium paid under a misunderstanding that Dole's fruit was indeed "All Natural Fruit." Because Brazil did not explain how this premium could be calculated with proof common to the class, the district court did not abuse its discretion by granting Dole's motion to decertify.

Contrary to Brazil's argument, a greater value than the price premium is not available to him and the proposed class under a theory of "nonrestitutionary disgorgement." Under California law, a plaintiff who successfully proves a defendant was unjustly enriched at his expense may in some cases recover all profits the defendant received unjustly. *See Meister v. Mensinger*, 230 Cal.App.4th 381, 178 Cal.Rptr.3d 604, 617–18 (2014). Theoretically an award of disgorgement may exceed an award of restitution; not always is the defendant's benefit equal to the plaintiff's loss. *See id.* But in most cases, as in this one, the defendant's benefit is equal to the plaintiff's loss, *id.* at 618, so restitution and disgorgement are functionally the same remedy. Dole's wrongfully obtained profits are equal to the victims' losses: the total price premium paid by all misled purchasers. Because Brazil has not shown that he and the class could calculate restitution with common proof, the same is true of nonrestitutionary disgorgement. The district court therefore committed no error by decertifying the class.

The district court did not have the benefit of our decision in *Astiana*, in which we held that unjust enrichment claims may be pleaded in the alternative in quasi-contract, *see* 783 F.3d at 762–63, but we affirm dismissal of the class-wide unjust enrichment claim on the alternative ground that Brazil cannot calculate damages on a class-wide basis, as explained above. His individual claim, however, survives.

In conclusion, the district court's orders granting summary judgment and dismissing Brazil's individual claim of unjust enrichment are **REVERSED**. The orders dismissing Brazil's illegal-product claims and the proposed class claim of unjust enrichment are **AFFIRMED.** Likewise the district court's decisions on class certification are **AFFIRMED**.

This case is **REMANDED** to allow Brazil to pursue injunctive relief on behalf of the class and his remaining individual claim for restitution. The parties shall bear their own costs.

**All Citations**

660 Fed.Appx. 531

Footnotes

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1   Brazil argues his illegal-product claims were founded on misstatements additional to those on Dole's website, but the order he appeals concerned only statements he did not view. His additional illegal-product claims were dismissed in the district court's order partially certifying the class. Brazil's briefing does not address that order. He cannot prevail on the basis of this late-stage, incomplete argument. *See, e.g., Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

2   Although California law requires reliance in this instance, the same is not necessarily true of the federal law of constitutional standing. A plaintiff has constitutional standing if her claimed injury is "fairly traceable" to the defendant's challenged conduct, among other requirements. *See Spokeo, Inc. v. Robins*, ––– U.S. ––––, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Though Brazil did not rely on Dole's website, his alleged injury is "fairly traceable" to Dole, as the fruit could not have been "illegal" (and, according to Brazil, therefore valueless) had Dole never published the statements Brazil decries.

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.