FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 16 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| D. JOSEPH KURTZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>KIMBERLY-CLARK CORPORATION & COSTCO WHOLESALE CORPORATION,<br><br>Defendants. | **ORDER**<br><br>14-CV-1142 |
| ANTHONY BELFIORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | 14-CV-4090 |
| GLADYS HONIGMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>KIMBERLY-CLARK CORPORATION,<br><br>Defendant. | 15-CV-2910 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

    The court has considered preliminarily the objections to class certification raised in the briefing of Defendant Procter & Gamble's new motion to decertify the classes. *See* Notice Mot. Decertify Classes, No. 14-cv-4090, ECF No. 294; Pl.'s Mem. L. Opp. Def.'s Mot. Decertify



1

Classes, No. 14-cv-4090, ECF No. 302; Def. Procter & Gamble Co.'s Reply Mem. L. Further Supp. Mot. Decertify Classes, No. 14-cv-4090, ECF No. 305.

Following appeal of the court's March 27, 2017 decision to certify the classes, the litigation was remanded by the Court of Appeals for the Second Circuit for further consideration of specified issues, after which jurisdiction is expected to be restored to the Court of Appeals. Summ. Order 4–5, No. 17-1856, No. 17-1861 (2nd Cir. May 14, 2019).

In remanding the cases, the Court of Appeals noted:

> [it's] specific concern with the Plaintiffs' proof that they can establish the injury and causation elements of their claims at trial with common evidence. . . . On remand, the district court should offer the parties the opportunity to submit additional evidence and should then assess whether the Plaintiffs have 'affirmatively demonstrated [their] compliance' with Rule 23(b)(3)'s predominance requirement. . . . After further review of the record, the district court should choose whether to decertify the damages classes or maintain the current certification orders.

*Id.* at 4 (internal citation omitted).

To take up the multiple other certification issues raised in Defendant Procter & Gamble's motion to decertify the classes—grounds other than those covered in the remand of the Court of Appeals—at this juncture of the litigation would be impractical, burdensome, and contrary to the spirit of the mandate of the Court of Appeals. The issues raised by the mandate are of great importance and have priority over those re-raised by Defendant Procter & Gamble.

The hearing on the motion to decertify scheduled for August 29, 2019 is adjourned *sine die*. The issues raised by Defendant Procter & Gamble's motion will be taken up following the conclusion of the appeal of the 2017 class certification decision of this court. *See Kurtz v. Kimberly-Clark Corp.*, 321 F.R.D. 482 (E.D.N.Y. 2017).

SO ORDERED.

*[signature: Jack Weinstein]*

Jack B. Weinstein
Senior United States District Judge

Dated: August 15, 2019
       Brooklyn, New York

3