UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY BELFIORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | 14 Civ. 4090 (PKC)(RML) |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING *BERNI V. BARILLA S.p.A***

Plaintiff Anthony Belfiore respectfully submits this memorandum in response to the Court's order on July 8, 2020, requesting further briefing on the impact of the Second Circuit's decision in *Berni v. Barilla S.p.A*, 19-01921, Dkt. No. 85-1 (2d Cir. July 8, 2020) ("*Barilla*") on Plaintiff's motion for final approval of the Settlement, award of attorneys' fees, reimbursement of out-of-pocket expenses and Class Representative Payment (the "Motion").[1]

The Settlement, and thus the Settlement Class, presented in the Motion is substantially different from the settlement and the class at issue in *Barilla*. Even though the plaintiffs in *Barilla* primarily sought damages in their complaint, the settlement in that case *only* included injunctive relief and, consequently, was originally certified pursuant to Rule 23(b)(2). *Barilla* at slip op. 13. Pursuant to an objection to that settlement, the Second Circuit reviewed whether an action that sought damages on behalf of past purchasers of a product could be settled for relief that solely restricted future conduct of the defendants, and therefore was unlikely to help all, or even a significant portion, of the settlement class. In particular, as the Second Circuit panel stated, the class of pasta purchasers each suffered "a past harm" which "is commonly redressable at law through the award of damages," while the injunctive relief provided would not benefit all of the members in the class. *Id.* at 13, n.28.

The concerns of the Second Circuit in *Barilla* are not implicated in this case. Here, the Settlement Class was certified pursuant to both Rule 23(b)(2) *and 23(b)(3)*. Therefore, every Settlement Class Member benefited from the procedural protections of Rule 23(b)(3)—they received Notice of the Settlement and had an opportunity to object or exclude themselves from the

---

[1] Unless otherwise indicated, capitalized terms are defined in the Memorandum of Law in Support of Unopposed Motion for Final Approval of Class Action Settlement, Award of Attorneys' Fees, Reimbursement of Out-of-Pocket Expenses, and Class Representative Payment ("Final Approval Brief," Dkt. No. 358-1).

1

Settlement. Most importantly, however, and in stark contrast to the *Barilla* settlement class, in exchange for the releases provided by the Settlement for their past purchases of the Product, each Settlement Class Member will receive the benefit of being able to submit a Claim Form to receive monetary compensation (for up to $50.20 per household in some circumstances). Additionally, they also benefit from the practice changes and injunctive relief that Defendant agreed to as part of the Settlement.

The fact that the Settlement Class, which is receiving monetary benefits, is properly certified under Rule 23(b)(3) is sufficient for the Class to receive the added injunctive relief bonus. *See Kurtz v. Kimberly-Clark, Corp. et al.*, 1:14-cv-1192-PKC-RML (Dkt. No. 358, June 26, 2020) (the "*Kurtz* Second Circuit Opinion") (sustaining Judge Weinstein's prior decision certifying the class pursuant to Rule 23(b)(3) in the joint opinion). In another previous case, the Second Circuit explained that it was not necessary to address the "thorny question" of whether certification under Rule 23(b)(2) or 23(b)(3) was more appropriate for a mixture of injunctive and damages relief when it had "already concluded that the district court appropriately certified the class under Rule 23(b)(3)." *In re Visa Check/Mastermoney Antitrust Litig. v. Visa, United States*, 280 F.3d 124, 146-47 (2d Cir. 2001); *see also id.* ("Once a court has found that a class action is maintainable under any single category [of Rule 23(b)], there is no necessity of showing that it may also be brought under any other." (quoting 8 Julian O. von Kalinowski et al., *Antitrust Laws and Trade Regulations* § 166.03 (2d ed. 1997))); *accord Daniel v. Am. Bd. of Emergency Med.*, 269 F. Supp. 2d 159, 204 (W.D.N.Y. 2003). Because certification pursuant to Rule 23(b)(3) included additional protections for class members—such as mandatory notice and opt-out rights—the Second Circuit in *In re Visa*

did not have to evaluate certification pursuant to Rule 23(b)(2). 280 F.3d at 146-47.[2]

Indeed, Courts regularly approve settlements that are solely certified pursuant to Rule 23(b)(3) but also include injunctive relief. As this Court previously recognized, "where programmatic relief is sought in addition to substantial monetary damages, the Court may proceed" by "certify[ing] the class under FRCP 23(b)(3) for all proceedings . . . . In other words, nothing *require[s]* the Court to separately certify" an injunctive class under Rule 23(b)(2) and a damages class under Rule 23(b)(3). *Calibuso v. Bank of Am. Corp.*, 299 F.R.D. 359, 367 (E.D.N.Y. 2014) (Chen, J.) (internal citation and formatting omitted; emphasis in original).[3] Notably, the Settlement Class here does not include subclasses or separate definitions depending on the Rule 23(b)(2) or Rule 23(b)(3) distinction.

---

[2] While *Barilla* and the *Kurtz* Second Circuit Opinion each denied certification pursuant to Rule 23(b)(2) because the named plaintiff was unlikely to be deceived—or even purchase the product—neither decision attempts to distinguish the Ninth Circuit's opinion in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017). In that case, the Ninth Circuit found that the named plaintiff did allege future injury because she would be "unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or might nevertheless "purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Davidson*, 873 F.3d at 1114-15. Here, Plaintiff Belfiore testified under oath that if he had confidence that Freshmates would flush down his toilet and not clog his septic system, sewer line, or pipes, he would buy the Product again in the future, placing him squarely within the Ninth Circuit's standard. Anthony Belfiore Deposition Tr., at 122:16-21 (attached as Exhibit A). However, as stated above, because the Settlement Class is certifiable under Rule 23(b)(3) it is not necessary for this Court to reach this argument.

[3] *See, e.g.*, *Clay v. Cytosport, Inc.*, No. 3-15-cv-00165-L-DHB, ECF Doc. 235, Slip Op. at 3 (S.D. Cal. June 17, 2020); *Yates v. Checkers Drive-In Rests., Inc.*, No. 1:17-cv-09219, ECF Doc. 129, Slip Op. at 3 (N.D. Ill. Jan. 17, 2020); *Luib v. Henkel Consumer Goods, Inc.*, No. l:17-cv-03021-BMC, ECF Doc. 60, Slip Op. at 4 (E.D.N.Y. Aug. 19, 2019); *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-MD-02752-LHK, ECF Doc. 390 (N.D. Cal. July 20, 2019); *In re Nissan Radiator*, 10 CV 7493 (VB), 2013 U.S. Dist. LEXIS 116720, at *58 (S.D.N.Y. May 30, 2013); *Reade-Alvarez v. Eltman, Eltman, & Cooper, P.C.*, CV-04-2195 (CPS), 2006 U.S. Dist. LEXIS 89226, at *23 (E.D.N.Y. Dec. 11, 2006); *Chin v. RCN Corp.*, No. 08 Civ. 7349 (RJS) (KNF), 2010 U.S. Dist. LEXIS 96302, at *7 (S.D.N.Y. Sept. 3, 2010).

Pursuant to the authorities cited above, the Court should conclude that nothing in the Second Circuit's *Barilla* opinion prevents this Court from granting final approval of the Settlement or the final certification of the Settlement Class.

DATED: July 15, 2020

                            **WOLF POPPER LLP**

                            */s/ Chet B. Waldman*
                            Chet B. Waldman
                            Matthew Insley-Pruitt
                            Philip M. Black
                            845 Third Avenue, 12th Floor
                            New York, NY 10022
                            Tel: (212) 759-4600

                            *Attorneys for Plaintiff Anthony Belfiore*